# EXHIBIT A

Form USB

Bond No. GM211828

# Surety Bond

## (Alabama Monetary Transmission Act)

KNOW ALL MEN BY THESE PRESENTS: That we

Voyager Digital LLC (Name of Applicant), of

33 Irving Place, Suite 3060, New York, NY 10003, as principal, and

Great Midwest Insurance Company (Name of Surety) of

401 Edgewater Place, Suite 125/130, Wakefield,MA 01880, a corporation organized and existing

under the laws of the State of Texas, and authorized to do business in the State of Alabama, for the use and benefit of any creditor of the principal for any liability incurred in connection with the selling or issuing payment instruments, stored valued instruments, or receiving money or monetary value for transmission in the state of Alabama damaged by any failure to comply with the provisions of the Alabama Monetary Transmission Act or by any breach of the conditions of this obligation in the sum of One Hundred Thousand and 00/100's Dollars ( 100,000.00 ) lawful money of the United States for the payment of which sum, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents,

Sealed with our seals and dates this 12 day of October, 2021

THE CONDITIONS OF THE ABOVE OBLIGATION ARE SUCH THAT:

WHEREAS, the above-mentioned principal as applicant for license under the provisions of the Alabama Monetary Transmission Act and,

WHEREAS, said application has been approved by the Securities Commission of said State.

NOW, THEREFORE, if the principal will faithfully conform to and abide by the provisions of the aforesaid ACT and will honestly and faithfully apply all funds received and perform all obligations and undertakings under the aforesaid ACT and will pay to the state and to any person all money that becomes due and owing to the State or to such person under the provisions of the aforesaid ACT because of any checks, drafts, traveler's checks, money orders, stored value or other instruments for the transmission or payment of money or monetary value for transmission and the receipt of money or monetary value for transmission in the state of Alabama by the aforesaid principal as a licensee under and by virtue of the provisions of the aforesaid ACT, then this obligation to be void; otherwise to remain in full force and effect.

It is understood and agreed that any person(s) having a claim under the conditions of this obligation may initiate suit in any court of competent jurisdiction against the Principal and/or the Surety upon this Bond

WITNESS OUR SIGNATURES, this the 12 day of October, 2021

Voyager Digital LLC

Principal Stephen Ehrlich

Title CEO

Great Midwest Insurance Company

Surety Diane P. Alesci

Diane P. Alesci, Attorney-In-Fact

Counter-Signature N/A

## ACKNOWLEDGMENT OF INDIVIDUAL

STATE OF ____________________

COUNTY OF ____________________

On this ________ day of ____________, 20 ___ before personally appeared ____________________, to me known to be the person described in and who executed the foregoing instrument, as Principal and acknowledged to me that he executed the same as his free act and deed.

(NOTARIAL SEAL)

____________________

Notary Public

____________________

County

My commission expires ____________

## ACKNOWLEDGMENT OF CORPORATION

STATE OF ____________________

COUNTY OF ____________________

On this _______ day of ____________ before personally appeared ____________________, and says that he is the ____________________ of ____________________ Principal heretofore name: that he executed the instrument for and in its behalf, by authority of its Board of Directors and affixed its seal thereto,

(NOTARIAL SEAL)

____________________

Notary Public

____________________

County

My commission expires ____________

## Individual Acknowledgment

State of ____________________

County of ____________________

On the __________ day of ____________, 20____, before me personally appeared __________

________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he______ thereupon acknowledged to me that ______he______ executed the same.

________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 15th day of October, 2021, before me personally appeared Stephen Ehrlich

to me known and known to me to be one of the firm of Voyager Digital L.L.C. described in and who executed the foregoing instrument and ✓ he______ thereupon acknowledged to me that ✓ he______ executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the __________ day of ____________, 20____, before me personally appeared __________

________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________

____________________ of the ____________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida
} ss.
County of Pasco

On October 12, 2021 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

# POWER OF ATTORNEY
# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY ______________________
Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY ______________________
Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 12th Day of October, 2021.

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY ______________________
Leslie K. Shaunty
Secretary

**WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(in thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| Total Cash & Invested Assets | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| Total Other Assets | 44,689 | **Total Capital and Surplus** | 144,280 |
| Total Assets | $216,930 | **Total Liabiliites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

Form USB

Bond No. GM211828

# Surety Bond

**(Alabama Monetary Transmission Act)**

KNOW ALL MEN BY THESE PRESENTS: That we ______________________

Voyager Digital LLC (Name of Applicant), of

33 Irving Place, Suite 3060, New York, NY 10003, as principal, and

Great Midwest Insurance Company (Name of Surety) of

401 Edgewater Place, Suite 125/130, Wakefield,MA 01880, a corporation organized and existing

under the laws of the State of Texas, and authorized to do business in the State of Alabama, for the use and benefit of any creditor of the principal for any liability incurred in connection with the selling or issuing payment instruments, stored valued instruments, or receiving money or monetary value for transmission in the state of Alabama damaged by any failure to comply with the provisions of the Alabama Monetary Transmission Act or by any breach of the conditions of this obligation in the sum of One Hundred Thousand and 00/100's Dollars ( 100,000.00 ) lawful money of the United States for the payment of which sum, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents,

Sealed with our seals and dates this 12 day of October, 2021

THE CONDITIONS OF THE ABOVE OBLIGATION ARE SUCH THAT:

WHEREAS, the above-mentioned principal as applicant for license under the provisions of the Alabama Monetary Transmission Act and,

WHEREAS, said application has been approved by the Securities Commission of' said State.

NOW, THEREFORE, if the principal will faithfully conform to and abide by the provisions of the aforesaid ACT and will honestly and faithfully apply all funds received and perform all obligations and undertakings under the aforesaid ACT and will pay to the state and to any person all money that becomes due and owing to the State or to such person under the provisions of the aforesaid ACT because of any checks, drafts, traveler's checks, money orders, stored value or other instruments for the transmission or payment of money or monetary value for transmission and the receipt of money or monetary value for transmission in the state of Alabama by the aforesaid principal as a licensee under and by virtue of the provisions of the aforesaid ACT, then this obligation to be void; otherwise to remain in full force and effect.


VOY-INV-00021778

It is understood and agreed that any person(s) having a claim under the conditions of this obligation may initiate suit in any court of competent jurisdiction against the Principal and/or the Surety upon this Bond

WITNESS OUR SIGNATURES, this the 12 day of October, 2021

Voyager Digital LLC

Principal Stephen Ehrlich

Title CFO

Great Midwest Insurance Company

Surety Diane P. Alesci

Diane P. Alesci, Attorney-In-Fact

Counter-Signature N/A

## ACKNOWLEDGMENT OF INDIVIDUAL

STATE OF ______________________________

COUNTY OF ______________________________

On this ________ day of ____________, 20 ___ before personally appeared ____________________, to me known to be the person described in and who executed the foregoing instrument, as Principal and acknowledged to me that he executed the same as his free act and deed.

(NOTARIAL SEAL)

______________________________
Notary Public

______________________________
County
My commission expires ____________

## ACKNOWLEDGMENT OF CORPORATION

STATE OF ______________________________

COUNTY OF ______________________________

On this ______ day of ____________ before personally appeared ____________________, and says that he is the ____________________ of ______________________________ Principal heretofore name: that he executed the instrument for and in its behalf, by authority of its Board of Directors and affixed its seal thereto,

(NOTARIAL SEAL)

______________________________
Notary Public

______________________________
County
My commission expires ____________

## Individual Acknowledgment

State of ______________

County of ______________

On the ________ day of __________, 20___, before me personally appeared ________
________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ___he____ thereupon acknowledged to me that _____he_____ executed the same.

________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 15th day of October, 2021, before me personally appeared Stephen Ehrlich

to me known and known to me to be one of the firm of Voyager Digital L.L.C.

described in and who executed the foregoing instrument and ✓ he_____ thereupon acknowledged to me that ✓ he_____ executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ______________

County of ______________

On the ________ day of __________, 20___, before me personally appeared ________
________________________________________

to me known, who being by me duly sworn, did depose and say that ________he_____ is the ________

________________ of the ________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida
} ss.
County of Pasco

On *October 12, 2021* before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsimikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]
Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY [signature]
Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 12th Day of October, 2021.

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]
Leslie K. Shaunty
Secretary

"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

HIGHLY CONFIDENTIAL

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(in thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| Cash & Invested Assets: | | Liabilities: | |
| Cash and Short term investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,651 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| Total Cash & Invested Assets | 172,241 | Total Liabilities | 72,651 |
| Other Assets: | | Capital and Surplus: | |
| Premium Receivables | 5,756 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| Total Other Assets | 44,689 | Total Capital and Surplus | 144,280 |
| Total Assets | $216,930 | Total Liabilites, Capital & Surplus | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

HIGHLY CONFIDENTIAL

## Voyager Digital, LLC (1730854)

### Bond Details as of 6/15/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Alaska Money Transmitter License
**Bond Number:** GM209973
**Bond Amount:** $40,000
**Bond Effective Date:** 6/15/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 6/14/2023
**Note:** Non-renew request

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 6/15/2021

## Original Bond

## ALASKA UNIFORM MONEY SERVICES ACT
BOND FORM

Bond No. **GM209973**
Bond Amount: **$40,000**
Effective Date: **June 15, 2021**

KNOW ALL MEN BY THESE PRESENTS, that **Voyager Digital, LLC**, NMLS # **1730854**, as Principal, and, **Great Midwest Insurance Company**, NAIC # **18694**, who is duly authorized to engage in business in Alaska as Surety, are both held and firmly bound unto the STATE OF ALASKA in the full penal sum of **$40,000**[1] lawful money of the United States, for the payment of which, well and truly to be made, we hereby bind ourselves, our heirs, administrators, executors, successors and assigns, jointly and severally, firmly by these presents.

This obligation secures the faithful performance of the obligations of the principal as a money transmission licensee, including its officers, individuals, employees, and authorized delegates with respect to Uniform Money Services Act, AS 06.55 and 3 AAC 13.010-3 AAC 13.990 as defined by 13 AAC 13.030(a).

If the principal fully conforms to and abides by the provisions of the said Act and of all rules and regulations lawfully made by the licensing official thereunder and will pay to the State of Alaska and to any person or persons who may have a cause of action against the obligor of said bond under the provision of said Act any and all moneys that may become due or owning to the State or to such person or persons from said obligor under and by virtue of the provisions of this Act, then this obligation shall be null and void, otherwise to remain in full force and effect.

This bond may be cancelled by the surety 30 days from the receipt of notice delivered electronically through NMLS. Provided, however, such notice shall not affect any liability arising prior to the effective date of cancellation of this bond and the PRINCIPAL and SURETY shall be and remain liable for a period of five (5) years from the date of cancellation.

PROVIDED, that the total liability hereunder for all causes of action arising during the period for which this bond is written shall not exceed the principal sum of this bond.

IN WITNESS WHEREOF, the said principal has hereunto set his/her hand and seal, and the said Surety has caused these presents to be signed and its corporate seal to be hereunto affixed the day and year first above written.

Signed, sealed and dated this **11th day of June, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

[1] (To satisfy the security requirement of AS 06.55.104, the bond must be in the amount of TWENTY-FIVE THOUSAND DOLLARS [$25,000.00] with an additional FIVE THOUSAND DOLLARS [$5,000.00] for each location where money transmission or currency exchange services are to be offered not to exceed the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS [$ 150,000.00]).

Bond Form Version: AK-2/1/2018

# Arizona Department of Insurance and Financial Institutions

100 N. 15th Avenue, Suite 261 Phoenix, AZ 85007

## SURETY BOND FORM

NMLS ID: 1730854 BOND NO. GM209975

KNOW ALL MEN BY THESE PRESENTS, That we,
**Voyager Digital LLC**, as Principal, and
**Great Midwest Insurance Company**, a Corporation, qualified and authorized to do business in the State of Arizona as Surety, are held and firmly bound unto the State of Arizona for the use and benefit of any injured person, in the sum of **$25,000.00**, lawful money of the United States of America, to be paid to any person injured by the wrongful act, default, fraud or misrepresentation of the licensee or his employees and to the State of Arizona for the benefit of the person injured, for which payment well and truly be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH THAT:
WHEREAS, the above named Principal has made application to the Department of Insurance and Financial Institutions of the State of Arizona for license as a/an:

**MUST CHECK ONE LICENSE TYPE ONLY**

- ☐ Appraisal Management Company within the meaning of Title 32, Chapter 36, Article 5, Arizona Revised Statutes
- ☐ Collection Agency within the meaning of Title 32, Chapter 9, Arizona Revised Statutes
- ☐ Commercial Mortgage Banker within the meaning of Title 6, Chapter 9, Article 3, Arizona Revised Statutes
- ☐ Commercial Mortgage Broker within the meaning of Title 6, Chapter 9, Article 1, Arizona Revised Statutes
- ☐ Debt Management within the meaning of Title 6, Chapter 6, Article 1, Arizona Revised Statutes
- ☐ Escrow Agent within the meaning of Title 6, Chapter 7, Arizona Revised Statutes
- ☑ Money Transmitter within the meaning of Title 6, Chapter 12, Article 1, Arizona Revised Statutes
- ☐ Mortgage Banker within the meaning of Title 6, Chapter 9, Article 2, Arizona Revised Statutes
- ☐ Mortgage Broker within the meaning of Title 6, Chapter 9, Article 1, Arizona Revised Statutes

and is required by the provisions of such statutes to furnish a bond in the sum named above, conditioned as herein set forth:

NOW, therefore, if the Principal shall strictly, honestly and faithfully comply with the provisions of Title, Chapter and Article of the Arizona Revised Statutes (as checked above), and shall pay all damages suffered by any person injured by the wrongful act, default, fraud or misrepresentation of the licensee or his employees, or both, growing out of any transaction governed by the provisions of such statutes, then this obligation shall be void; otherwise to remain in full force and effect.

This bond shall become effective on **October 16, 2021**, and shall remain in force until the Surety is released from liability by the Department of Insurance and Financial Institutions, or until this bond is canceled by the Surety. The Surety may cancel this bond and be relieved of further liability hereunder by giving thirty days written notice to the Principal and to the Department of Insurance and Financial Institutions of the State of Arizona.

This bond shall be one continuing obligation, and the liability of the Surety for the aggregate of any and all claims which may arise hereunder shall in no event exceed the amount of the penalty hereof.
IN WITNESS WHEREOF, the seal and signature of the Principal hereto is affixed, and the corporate seal and the name of the Surety hereto is affixed and attested by its duly authorized officers.

**Great Midwest Insurance Company**
Surety Company Name

this (date) **September 16, 2021**

Stephen Ehrlich
Print or Type Name of Principal Officer

[signature]
Signature of Principal Officer Above

**Great Midwest Insurance Company**
**Diane P. Alesci, Attorney-In-Fact**
Print or Type Name of Surety Company Agent

[signature]
Signature of Surety Company Agent Above

**Gerald J. Wilkoff, Inc.**
Name of Producer (must be licensed in Arizona)

NPN

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

______________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 8th day of October, 2021, before me personally appeared Stephen Ehrlich

to me known and known to me to be one of the firm of Voyager Digital L.L.C described in and who executed the foregoing instrument and ✓ he_____ thereupon acknowledged to me that ✓ he_____ executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________ ____________________ of the ______________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

______________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida } ss.
County of Pasco

On September 11, 2021 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY, CORPORATE SEAL, TEXAS CORPORATION

**GREAT MIDWEST INSURANCE COMPANY**

BY ____________________

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY ____________________

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 16th Day of September, 20 21.

GREAT MIDWEST INSURANCE COMPANY, CORPORATE SEAL, TEXAS CORPORATION

BY ____________________

Leslie K. Shaunty
Secretary

**/ARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(In thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| **Total Cash & Invested Assets** | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| **Total Other Assets** | 44,689 | **Total Capital and Surplus** | 144,280 |
| **Total Assets** | $216,930 | **Total Liabiliites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

# Arizona Department of Insurance and Financial Institutions

100 N. 15th Avenue, Suite 261 Phoenix, AZ 85007

NMLS ID: 1730854 **SURETY BOND FORM** BOND NO. GM209975

KNOW ALL MEN BY THESE PRESENTS, That we,
**Voyager Digital LLC**, as Principal, and
**Great Midwest Insurance Company**, a Corporation, qualified and authorized to do business in the State of Arizona as Surety, are held and firmly bound unto the State of Arizona for the use and benefit of any injured person, in the sum of **$25,000.00**, lawful money of the United States of America, to be paid to any person injured by the wrongful act, default, fraud or misrepresentation of the licensee or his employees and to the State of Arizona for the benefit of the person injured, for which payment well and truly be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH THAT:
WHEREAS, the above named Principal has made application to the Department of Insurance and Financial Institutions of the State of Arizona for license as a/an:

MUST CHECK ONE LICENSE TYPE ONLY

- ☐ Appraisal Management Company within the meaning of Title 32, Chapter 36, Article 5, Arizona Revised Statutes
- ☐ Collection Agency within the meaning of Title 32, Chapter 9, Arizona Revised Statutes
- ☐ Commercial Mortgage Banker within the meaning of Title 6, Chapter 9, Article 3, Arizona Revised Statutes
- ☐ Commercial Mortgage Broker within the meaning of Title 6, Chapter 9, Article 1, Arizona Revised Statutes
- ☐ Debt Management within the meaning of Title 6, Chapter 6, Article 1, Arizona Revised Statutes
- ☐ Escrow Agent within the meaning of Title 6, Chapter 7, Arizona Revised Statutes
- ☑ Money Transmitter within the meaning of Title 6, Chapter 12, Article 1, Arizona Revised Statutes
- ☐ Mortgage Banker within the meaning of Title 6, Chapter 9, Article 2, Arizona Revised Statutes
- ☐ Mortgage Broker within the meaning of Title 6, Chapter 9, Article 1, Arizona Revised Statutes

and is required by the provisions of such statutes to furnish a bond in the sum named above, conditioned as herein set forth:

NOW, therefore, if the Principal shall strictly, honestly and faithfully comply with the provisions of Title, Chapter and Article of the Arizona Revised Statutes (as checked above), and shall pay all damages suffered by any person injured by the wrongful act, default, fraud or misrepresentation of the licensee or his employees, or both, growing out of any transaction governed by the provisions of such statutes, then this obligation shall be void; otherwise to remain in full force and effect.

This bond shall become effective on **October 16, 2021**, and shall remain in force until the Surety is released from liability by the Department of Insurance and Financial Institutions, or until this bond is canceled by the Surety. The Surety may cancel this bond and be relieved of further liability hereunder by giving thirty days written notice to the Principal and to the Department of Insurance and Financial Institutions of the State of Arizona.

This bond shall be one continuing obligation, and the liability of the Surety for the aggregate of any and all claims which may arise hereunder shall in no event exceed the amount of the penalty hereof.

IN WITNESS WHEREOF, the seal and signature of the Principal hereto is affixed, and the corporate seal and the name of the Surety hereto is affixed and attested by its duly authorized officers.

**Great Midwest Insurance Company**
Surety Company Name

this (date) **September 16, 2021**

Stephen Ehrlich
Print or Type Name of Principal Officer

[signature]
Signature of Principal Officer Above

**Great Midwest Insurance Company**
**Diane P. Alesci, Attorney-In-Fact**
Print or Type Name of Surety Company Agent

[signature]
Signature of Surety Company Agent Above

**Gerald J. Wilkoff, Inc.**
Name of Producer (must be licensed in Arizona)

NPN

FE-LC-DIFI_Surety_Bond-20200918


VOY-INV-00021784

## Individual Acknowledgment

State of ______________________

County of ______________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

________________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 8th day of October, 2021, before me personally appeared Stephen Ehrlich

to me known and known to me to be one of the firm of Voyager Digital L.L.C described in and who executed the foregoing instrument and ✓he thereupon acknowledged to me that ✓he executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ______________________

County of ______________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he______ is the _________ ____________________ of the ____________________________________________

the corporation described in and which executed the foregoing instrument; that ________he______ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he______ signed his/her name thereto by like order.

________________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida
} ss.
County of Pasco

On September 14, 2021 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY [signature]

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 16th Day of September, 2021.

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]

Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(in thousands)

| **Assets** | | **Liabilities, Capital and Surplus** | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| **Total Cash & Invested Assets** | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| **Total Other Assets** | 44,689 | **Total Capital and Surplus** | 144,280 |
| **Total Assets** | $216,930 | **Total Liabiliites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

## Voyager Digital, LLC (1730854)

### Bond Details as of 10/12/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Arkansas Money Transmitter License
**Bond Number:** GM211829
**Bond Amount:** $10,000
**Bond Effective Date:** 10/12/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 10/11/2023
**Note:** Per underwriter, non-renew bond.

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

*No Broker of Record exists.*

## Original Bond

## SURETY BOND
Money Transmitter

Bond No. **GM211829**
Bond Amount: **$10,000**
Effective Date: **October 12, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That we, **Voyager Digital, LLC** including any and all trade names, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to do surety business in the State of Arkansas, as Surety. Surety ensures that the Principal's obligations will be performed and acknowledges their indebtedness to any person having a claim pursuant to a cause of action brought against the Principal under the Arkansas Uniform Money Services Act, Ark. Code Ann. §§ 23-55-101 through 23-55-1007 ("Act"). As required by Ark Code Ann § 23-55-204(a) and Rule 204(a)(2) of the Arkansas Money Services Rules, this surety bond ("Bond") is in the amount of **$10,000**, lawful money of the United States of America, the payment of which the Principal and Surety jointly and severally bind themselves, their successors, assigns, and legal representatives, to secure the faithful performance of the obligations of the Principal for its conduct and that of its offices and employees under the Act.

Whereas, the above Principal has applied to the Arkansas Securities Department for a Money Transmitter License as provided by law under the Act.

THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal fully complies with the provisions of the Act, and pays and discharges all amounts owed upon judgment or order obtained in any court of competent jurisdiction by any person or persons who may be injured or damaged by the Principal while conducting business as a Money Transmitter, including judgments in suits for misappropriation of any funds paid into or deposited with the Principal, this bond shall be null and void; otherwise, this bond shall be and remain in full force and effect.

This Bond shall expire at such time as the license of the Principal is withdrawn, terminates through non-renewal, or is revoked by the Commissioner, except as to liability for such acts or omissions which occur prior to such time. This Bond may also be cancelled by the Surety upon sixty (60) days from date of receipt of notice delivered electronically through NMLS to the Principal and the Commissioner, but no such cancellation shall affect any liability for acts or omissions which occur prior to the date of cancellation.

This Bond shall cover claims for a period of at least five years from the point in time a liability or violation of the Act occurs. In on event shall the total liability of the Surety, to all persons, cumulative or otherwise, exceed the amount specified in this Bond. It is understood and agreed that any person(s) having a claim under the conditions of this obligation may initiate suit in any court of competent jurisdiction against the Principal and/or Surety upon this Bond.

In Witness Whereof, the said Principal has hereto set his hand and seal and the said Surety has caused this obligation to be duly executed by its duly authorized agent to be hereunto affixed on this **21st day of October, 2021**.

By: **Brandi Bailey Reynolds**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: AR-10/01/2021

# Voyager Digital, LLC (1730854)

### Bond Details as of 3/24/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Connecticut Money Transmission License
**Bond Number:** GM206455
**Bond Amount:** $1,000,000
**Bond Effective Date:** 3/24/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 4/1/2023
**Note:** Non-renew request

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 2/25/2022

## Original Bond

Bond No.: **GM206455**
Bond Amount: **$1,000,000**
Effective Date: **March 24, 2021**

# MONEY TRANSMITTER SURETY BOND

**KNOW ALL MEN BY THESE PRESENTS:**

That we, **Voyager Digital, LLC**, including any fictitious name approved pursuant to Section 36a-598(d)(2) of the Connecticut General Statutes, as may be amended, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, a surety company duly authorized to do business in the state of Connecticut, as Surety, are held and firmly bound unto the Banking Commissioner of the State of Connecticut ("Commissioner") for the use of the people of Connecticut and the Commissioner, as Obligees, in the penal sum of **$1,000,000** for the payment of which penal sum the Principal and Surety do jointly and severally bind themselves, their heirs, executors, administrators, successors and assigns, and each and every of them firmly by these presents.

**Signed, sealed and delivered this 23rd day of February, 2022.**

**THE CONDITION OF THIS OBLIGATION IS SUCH THAT WHEREAS,** the above-named Principal has made application or renewal application to the Commissioner for a license to engage in the business of money transmission, pursuant to Sections 36a-595 to 36a-612, inclusive, of the Connecticut General Statutes, as may be amended, and any regulations adopted thereunder.

**NOW, THEREFORE,** if the said Principal and the Principal's authorized delegates shall faithfully perform all obligations of the Principal with respect to the Principal's money transmission business in Connecticut and conduct such business in Connecticut consistent with the provisions of Sections 36a-595 to 36a-612, inclusive, of the Connecticut General Statutes, as may be amended, and any regulations adopted thereunder, then this obligation shall be null and void; otherwise to remain in full force and effect.

The duration of this bond shall be continuous and shall run concurrently with the period of the license for the main office. The Surety shall have the right to cancel the bond at any time by a written notice to the Principal and Commissioner stating the date the cancellation shall take effect, not less than thirty (30) days prior to the effective date of cancellation, in accordance with Section 36a-602 of the Connecticut General Statutes, as may be amended. Notice of any such cancellation may be provided by the Surety to the Principal and the Commissioner through the Nationwide Multistate Licensing System and Registry.

This bond shall cover claims for damages arising from the Principal's money transmission business in Connecticut not later than two (2) years from the date of the act, error or omission that allegedly caused or resulted in such damages. Any person who may be damaged as a result of the failure by the Principal or the Principal's authorized delegates to perform obligations with respect to the Principal's money transmission business in Connecticut may proceed against this bond to recover damages, as permitted by law, including, but not limited to, Section 38a-290 of the Connecticut General Statutes, as may be amended.

Notwithstanding the above, the Commissioner may proceed on this bond against the Principal or Surety, or both, to collect any civil penalty imposed upon the Principal pursuant to Section 36a-50(a) of the Connecticut General Statutes, as may be amended, any restitution imposed pursuant to Section 36a-50(c) of the Connecticut General Statutes, as may be amended, and any unpaid costs of examination pursuant to Section 36a-65 of the Connecticut General Statutes, as may be amended.

Further, in no event shall the aggregate liability under this bond exceed the penal sum of the bond.

**IN WITNESS WHEREOF,** the said Principal has hereunto set his, her, its hand and seal and the said Surety has caused this instrument to be signed by its duly authorized agent and its corporate seal to be hereunto affixed, the day and year first written.

By: **Mark A Egert (L S)**
Principal

By: **Angela Carl Andriukaitis (L S)**
Surety

Bond Form Version: CT-11/01/2021

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

## MONEY SERVICES BUSINESS SURETY BOND FORM

BOND No.: GM206452

We, Voyager Digital,LLC (Name of Applicant), of 33 Irving Place, Suite 3060 (Street Address) County of New York, State of New York, principal and Great Midwest Insurance Company (Name of Surety Corporation), a corporation incorporated under the laws of the State of Texas, and duly licensed to transact a surety business in the State of Florida, are bound to the Financial Services Commission of the State of Florida as Head of the Office of Financial Regulation, ("Office") and the successors in the office of said Financial Services Commission, for the use and benefit of any claimant in the State of Florida in the sum of Six Hundred Thousand dollars ($ 600,000.00 ), for which payment we bind ourselves and our respective heirs, legal representatives, successors, and assigns, jointly and severally

Principal is acting as a Part II Licensee pursuant to Chapter 560, Florida Statutes. Pursuant to Section 560.209, Florida Statutes, principal must provide to the Office of Financial Regulation a corporate surety bond by a bonding company or insurance company authorized to do business in Florida in such amount as may be determined by the Commission by rule, conditioned on conformance with Chapter 560, Florida Statutes.

This bond is issued subject to the following expressed conditions:

1. The principal shall file the original surety bond with the State of Florida, Office of Financial Regulation, 200 East Gaines Street, Tallahassee, Florida 32399-0376, or its successors, upon applying for registration.
2. The surety bond filed with the Office of Financial Regulation may not be cancelled by either the principal or the surety except upon written notice to the Office of Financial Regulation by registered or certified mail with return receipt requested. A cancellation shall not take effect less than thirty (30) days after receipt by the Office of Financial Regulation of such written notice. The surety shall remain liable for all or any part of obligations covered by this bond which may have accrued by default of the principal prior to the effective date of cancellation.
3. The Office of Financial Regulation, the Department of Legal Affairs, and any claimant may bring an action in a proper court on this bond resulting from the failure of the principal or its authorized vendors to faithfully perform obligations with respect to the receipt, handling, transmission, and payment of funds.
4. The surety must, within 10 days after it pays any claim to any claimant, give written notice to the Office of Financial Regulation by registered or certified mail with details sufficient to identify the claimant and the claim and the judgment paid.

THE BOND IS EFFECTIVE THIS 11th DAY OF February 2021.

IN WITNESS WHEREOF the said principal has caused these presents to be executed by affixing hereto the signature of its duly authorized representative and its corporate seal to be affixed hereto attested by its duly authorized representative, and the said surety has caused these presents to be executed by the signature of its duly authorized representative and its corporate seal to be affixed hereto attested by its duly authorized representative this 11th day of February, 2021 and shall be deemed continuous; subject to cancellation as hereinabove provided.

Witness as to Principal (Signature)

Witness as to Principal (type name)

Voyager Digital,LLC
Name of Principal (Licensee)

Signature of duly authorized representative of Principal

Stephen Ehrlich
Name of duly authorized representative of Principal

(SEAL)

Great Midwest Insurance Company
Name of Surety

Signature of duly authorized representative of Surety

Shari Livingston, Attorney-in-Fact
Name of duly authorized representative of Surety (type name)

(781) 487 - 1385
Telephone Number of Surety Company

**NOTE: SIGNATURE OF PRINCIPAL MUST BE WITNESSED.**

**POWER OF ATTORNEY** GM-206452

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Heather Bradley, Christopher Brown, Christopher Dobbs, Donna E. Dow, Eric Dubuque, William E. Faust, Christopher R. Gagnon, Nathan W. Geer, Michael W. Harjula, Shari Livingston, Daniel B. McNally, Matthew Morrison, Heather Nilson, Kim Richards, Matthew J. Semeraro, William P. Simpson, Shanalee E. Steele

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 30th day of November, 2020.

GREAT MIDWEST INSURANCE COMPANY, CORPORATE SEAL, TEXAS CORPORATION

**GREAT MIDWEST INSURANCE COMPANY**

BY ______________________

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 30th day of November, 2020, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2021
Notary ID 131090488

BY ______________________

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 11th Day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY, CORPORATE SEAL, TEXAS CORPORATION

BY ______________________

Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

# INCREASE RIDER

Rider to be attached to and form a part of Bond No. GM206452

and effective February 11, 2021 in the penal sum of $600,000.00

showing VOYAGER DIGITAL,LLC as Principal and

GREAT MIDWEST INSURANCE COMPANY as Surety, in

favor of FINANCIAL SERVICES COMMISSION OF THE STATE OF FLORIDA AS HEAD OFFICE OF FINANCIAL REGULATION

as Obligee.

It is hereby stipulated and agreed that the amount of above bond be and the same hereby increased from SIX HUNDRED THOUSAND ------------------------- -------------------------------------------- dollars ($600,000.00) to TWO MILLION--------------------------------------------------------- dollars ($2,000,000.00) such change to be effective as of and from the 1st day of February, 2022 on and after which date said Principal and said Surety shall be liable under said bond for loss sustained by the Obligee during the period such change shall continue in effect, only to the extent by which such increased amount exceeds loss, if any, covered by said bond which shall have been sustained by the Obligee prior to such increase.

In witness, whereof, said Principal and Surety have caused this rider to be signed by their respective duly authorized officers and their corporate seals to be hereunto affixed this 30th day of March, 2022 .

VOYAGER DIGITAL, LLC

By: [signature]

Principal

Accepted:

GREAT MIDWEST INSURANCE COMPANY

By:

Title -

By: [signature]

Diane P. Alesci, Attorney-in-Fact

INC-DEC RIDER

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared _________

_______________________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

_______________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New Jersey

County of Bergen

On the 30th day of March, 2022, before me personally appeared EVAN PSAROPULOS

to me known and known to me to be one of the firm of Voyager Digital LLC described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ____he_____ executed the same as and for the act and deed of said firm.

KERRY L. CULBERT
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/30/2023

_______________________________________ Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared _________

_______________________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________ ____________________ of the _____________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

_______________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida
} ss.
County of Pasco

On March 30, 2022 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY ________________

Mark W. Haushill
President

## ACKNOWLEDGEMENT

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY ________________

Christina Bishop
Notary Public

## CERTIFICATE

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 30th Day of March, 20 22.

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY ________________

Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| **Total Cash & Invested Assets** | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| **Total Other Assets** | 44,689 | **Total Capital and Surplus** | 144,280 |
| **Total Assets** | $216,930 | **Total Liabiliites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

NOTARY PUBLIC STATE OF TEXAS
CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

# Voyager Digital, LLC (1730854)

## Bond Details as of 6/15/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Georgia Money Transmitter License
**Bond Number:** GM209969
**Bond Amount:** $100,000
**Bond Effective Date:** 6/15/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 6/14/2023
**Note:** Non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 6/15/2021

## Original Bond

## GEORGIA DEPARTMENT OF BANKING AND FINANCE
## 2990 BRANDYWINE ROAD, SUITE 200
## ATLANTA, GEORGIA 30341-5565

## GEORGIA SELLERS OF PAYMENT INSTRUMENTS AND MONEY TRANSMITTERS

# BOND

Bond No. **GM209969**
Amount **$100,000**

KNOW ALL MEN BY THESE PRESENTS, That

**Voyager Digital, LLC**, **1730854** , as principal, and
(Principal Legal Name) NMLS (Nationwide Multistate Licensing System) ID #
**Great Midwest Insurance Company**, NAIC # **18694**, as surety, are held and firmly bound unto the State of
(Name of Surety)
Georgia for the use and benefit of the State and of any claimant against the Principal or his agents in the principal sum of **One Hundred Thousand Dollars** (**$100,000**), for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

WHEREAS, the above named principal has applied to the Georgia Department of Banking and Finance for a license to engage in the business of transmitting money or selling and issuing checks or other payment instruments in this State, whether through its own acts or the acts of any employee or agent of the principal under Official Code of Georgia Annotated ("O.C.G.A.") §§ 7-1-680 *et seq*. NOW, THEREFORE, the condition of the foregoing obligation is such that if the Principal obligor shall comply with the provisions of the O.C.G.A. §§ 7-1-680 *et seq*., all regulations duly promulgated thereunder, and all other laws applicable to the conduct of its business, and shall pay any and all monies that may become due and owing to the State of Georgia that shall include, but not be limited to monies owed for fees, fines or penalties under and by virtue of the provisions of O.C.G.A. §§ 7-1-680 *et seq*. or the Rules of the Department of Banking and Finance, and shall pay any and all monies that may become due and owing any person due to the violation of any such laws and regulations by the Principal through its own acts or the acts of any agent of the Principal, then this obligation will be void: otherwise the same will remain in full force and effect.

This obligation is issued under and is governed by O.C.G.A. §§ 7-1-680 *et seq*. and the obligations of the surety shall be those therein set forth.

This bond becomes effective as of **June 15, 2021**, in support of any license issued to Principal by the Georgia Department of Banking and Finance. This bond may not be canceled by either the licensee or the corporate surety except upon notice to the Department of Banking and Finance delivered electronically through NMLS, the cancellation to be effective not less than 30 days after receipt by the Department of Banking and Finance of such notice and only with respect to any breach of condition occurring after the effective date of such cancellation.

Provided further that regardless of the number of years this bond remains in force or the number of premiums paid, the total aggregate liability of the Surety shall not exceed the principal amount of the bond required to be maintained by the Principal in order to keep its license.

By signing below, the Principal hereby agrees to the release of the payment status of fines assessed by the Department of Banking and Finance to the Surety. Such disclosure by the Department of Banking and Finance to the Surety shall be limited to whether the Principal has paid any fines assessed in full as of the date of request. The Department of Banking and Finance shall be entitled to rely on a copy of the release signed by the licensee when releasing such information.

WITNESS WHEREOF, the parties hereto have hereunto set our hands and affixed our seals this **2nd day of June, 2021**.

By: **Stephen Jay Ehrlich** (SEAL)
Principal

By: **Angela Carl Andriukaitis** (SEAL)
Surety

Bond Form Version: GA-01/23/2017

# Voyager Digital, LLC (1730854)

## Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Idaho Money Transmitters
**Bond Number:** GM209951
**Bond Amount:** $10,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 3/31/2023
**Note:** non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

*No Broker of Record exists.*

## Original Bond

## SURETY BOND
## MONEY TRANSMITTERS

Bond No. **GM209951**
Bond Amount: **$10,000**
Effective Date: **March 30, 2021**

KNOW ALL MEN BY THESE PRESENTS, that we, **Voyager Digital, LLC**, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, authorized to do business in the State of Idaho, as Surety, are held and firmly bound unto the State of Idaho in the principal amount of **$10,000** for the payment of which we hereby bind ourselves, our and each of our heirs, assigns, executors and administrators, jointly and severally, unconditionally by these presents.

In the event that the Principal fails to faithfully perform its obligations with respect to the receipt, handling, transmission, and payment of money in connection with either the sale and issuance of payment instruments or the transmission of money pursuant to Chapter 29, Title 26, Idaho Code, as the same may be amended from time to time, and any rules promulgated pursuant thereto, then the bond shall be forfeited and paid to the State of Idaho or a claimant or authorized representative of a claimant.

This bond shall be a continuing obligation of the Surety. The Surety's liability under this bond for any claim that is made thereunder, either individually, or in the aggregate, shall in no event exceed the principal amount of the bond. The bond shall remain in place for a period of two years from the date the Principal ceases money transmission operations in this state.

PROVIDED, FURTHER, that the Surety may cancel this bond by giving thirty (30) days prior written notice delivered electronically through NMLS to the Principal and to the Idaho Department of Finance. In case of cancellation by the Surety, no further obligation shall be incurred under this bond after the expiration of said thirty (30) days, but the liability of the Principal and Surety shall apply as above set out as to any acts or omissions which may have occurred prior to the effective date of such cancellation.

In Witness Whereof, the said Principal has hereto set his hand and seal and the said Surety has caused this obligation to be duly executed by its duly authorized agent to be hereunto affixed on this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: ID-06/1/2018

# DECREASE RIDER

Rider to be attached to and form a part of Bond No. GM211835

and effective October 21, 2021 in the penal sum of $210,000.00

showing VOYAGER DIGITAL,LLC as Principal and

GREAT MIDWEST INSURANCE COMPANY as Surety, in

favor of DIRECTOR OF THE DIVISION OF FINANCIAL INSTITUTIONS, STATE OF ILLINOIS

as Obligee.

It is hereby stipulated and agreed that the amount of above bond be and the same hereby decreased from TWO HUNDRED TEN THOUSAND ---------------------- ------------------------------------------- dollars ($210,000.00)

to FIFTY THOUSAND --------------------------------------------------------------

dollars ($50,000.00) such change to be effective as of and from the 29th day of December, 2022 on and after which date said Principal and said Surety shall be liable under said bond for loss sustained by the Obligee during the period such change shall continue in effect, only to the extent by which such decreased amount exceeds loss, if any, covered by said bond which shall have been sustained by the Obligee prior to such decrease.

In witness, whereof, said Principal and Surety have caused this rider to be signed by their respective duly authorized officers and their corporate seals to be hereunto affixed this 28th day of April 2023.

VOYAGER DIGITAL, LLC

By: [signature]

Principal

Accepted:

GREAT MIDWEST INSURANCE COMPANY

By: [signature]

Diane P. Alesci, Attorney-in-Fact

By:

Title -

INC-DEC RIDER

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

______________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of NEW YORK

County of WESTCHESTER

On the 8th day of MAY, 2023, before me personally appeared DAVID S. BROSGOL

to me known and known to me to be one of the firm of VOYAGER DIGITAL, LLC described in and who executed the foregoing instrument and ________he_____ thereupon acknowledged to me that ______he_____ executed the same as and for the act and deed of said firm.

BARRY MARK KAZAN
Notary Public, State of New York
No.02KA6102349
Qualified in Westchester County
Commission Expires December 8, ~~2007~~ 2023

______________________________________ Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________ ____________________ of the ______________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

______________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida ⎤
⎬ ss.
County of Pasco ⎦

On April 28, 2023 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
My Commission # HH329510
Expires 11/18/2026

Notary Public

Form M12 (04/91)

**POWER OF ATTORNEY**

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY / CORPORATE SEAL / TEXAS CORPORATION

**GREAT MIDWEST INSURANCE COMPANY**

BY______________________

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY______________________

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 28th Day of April, 2023.

GREAT MIDWEST INSURANCE COMPANY / CORPORATE SEAL / TEXAS CORPORATION

BY______________________

Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2022
(in thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 88,538 | Loss and Loss Expense Reserves | $ 84,237 |
| Bonds | 196,165 | Unearned Premium | 40,813 |
| Commons Stocks | 21,270 | Ceded Reinsurance Premium | 2,621 |
| Mortgage Loans | 20,563 | Other Liabilities | 1,868 |
| Other Invested Assets | 16,350 | | 27,970 |
| **Total Cash & Invested Assets** | 342,885 | **Total Liabilities** | 157,509 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 19,419 | Common Stock | 4,550 |
| Reinsurance Recoverable | 11,724 | Gross Paid In & Contributed Capital | 261,893 |
| Tax Assets | 7,240 | Unassigned Funds (Surplus) | (7,132) |
| Other Assets | 35,552 | | |
| **Total Other Assets** | 73,935 | **Total Capital and Surplus** | 259,311 |
| **Total Assets** | $ 416,820 | **Total Liabilites, Capital & Surplus** | $ 416,820 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2022.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 25 day of April, 2023.

STATE OF TEXAS
COUNTY OF HARRIS

On this 25 day of April 2023, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

NOTARY PUBLIC STATE OF TEXAS
CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

STATE OF ILLINOIS

DEPARTMENT OF FINANCIAL & PROFESSIONAL REGULATION

LICENSEE BOND

Transmitters of Money Act Bond No. GM211835

KNOW ALL MEN BY THESE PRESENTS, That **Voyager Digital LLC**,
Corporate or Company Name

**33 Irving Place, Suite 3060, New York, New York 10003**
Street Address City/State

and, **Great Midwest Insurance Company**

as surety, are held and firmly bound unto the Director of the Division of Financial Institutions, for the use of the State and of any person or persons who may have a cause of action against the obligors of this instrument, under the provisions of the Act hereinafter described, in the penal sum of **$210,000.00** for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

Witness our hands and seals this **21** day of **October**, A.D. **2021**

The condition of the above obligation is such that the above

**Voyager Digital LLC**
Corporate or Company Name

has applied for a license for the term ending December 31, **2022** to transact the business of selling or issuing payment instruments, transmitting money, or exchanging, for compensation, payment instruments or money of the United States government or a foreign government to or from money of another government, in accordance with the provisions of the Transmitters of Money Act.

Now, if the said **Voyager Digital LLC**
Corporate or Company Name

shall, upon issuance of said license as aforesaid, faithfully conform to and abide by each and every provision of said Act and of all rules, regulations and directions lawfully made by the Director of Financial Institutions thereunder, and will pay to the State and to any person or persons any and all moneys that may be come due and owing to the State and to such person or persons from said obligors, under and by virtue of the provisions of said Act, then this obligation to be void; otherwise to remain in full force and effect.

**Voyager Digital LLC** (Seal)
Corporate or Company Name

By____________________ (Seal)
President, Owner or Partner

(SEAL) By____________________ (Seal)

**Great Midwest Insurance Company** (Seal)
Surety or Bonding Company

By [signature] (Seal)
Illinois Attorney-in-Fact
**Diane P. Alesci, Attorney-In-Fact**
(Attach Power of Attorney)

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

________________________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________________________

to me known and known to me to be one of the firm of ________________________________ described in and who executed the foregoing instrument and ________he_____ thereupon acknowledged to me that ______he_____ executed the same as and for the act and deed of said firm.

________________________________________ Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________

____________________ of the ______________________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

________________________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida ⎤
⎬ ss.
County of Pasco ⎦

On October 21, 2021 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY ____________________

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY ____________________

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 21st Day of October, 20 21.

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY ____________________

Leslie K. Shaunty
Secretary

**WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(in thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| **Total Cash & Invested Assets** | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| **Total Other Assets** | 44,689 | **Total Capital and Surplus** | 144,280 |
| **Total Assets** | $216,930 | **Total Liabiliites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

# Voyager Digital, LLC (1730854)

## Bond Details as of 11/29/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Iowa Money Services License
**Bond Number:** GM209953
**Bond Amount:** $300,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 4/1/2023
**Note:** Non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 5/28/2021

## Rider History

### Rider Effective 11/29/2021 for Bond Amount

**Broker of Record:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**Surety Signatory:** Angela Carl Andriukaitis
**Date Signed by Surety:** 12/2/2021
**Licensee Signatory:** Brandi Bailey Reynolds
**Date Signed by Licensee:** 12/2/2021
**Changes made on Rider:**

| Bond Field | Previous Value | New Value |
|---|---|---|
| Bond Amount | $50,000 | $300,000 |

# Original Bond

## SURETY BOND (IOWA)

mtbond.doc
September 10, 2016

**Voyager Digital, LLC**
Principal (Licensee)

**Great Midwest Insurance Company**
Surety

**ADMINISTRATOR:** **Iowa Superintendent of Banking**

BOND NUMBER: **GM209953**

THE ABOVE NAMED PRINCIPAL AND SURETY (WHO IS DULY QUALIFIED TO DO BUSINESS IN THE STATE OF IOWA) ARE HEREBY BOUND IN THE PENAL SUM OF **Fifty Thousand Dollars** (**$50,000**) FOR PAYMENT UNDER THE FOLLOWING TERMS AND CONDITIONS:

1. The above-named principal is licensed or has applied to the Superintendent of Banking for a license to engage in the business of money transmission pursuant to Iowa Code Chapter 533C.
2. If the above named principal faithfully conforms to and abides by the provisions of Iowa Code Chapter 533C and all rules and regulations promulgated thereunder, and shall satisfy any loss or damages suffered by the State of Iowa, purchasers or holders of instruments sold by the licensee, or any person(s) who may have a cause of action against the principal, then this obligation shall be void. Otherwise this bond shall remain in full force and effect. The State of Iowa and any person(s) suffering such loss or damages shall have the right to bring an action on this bond against the principal or surety.
3. This bond shall be one continuing obligation and in no event shall the liability of the surety exceed the penal sum of **Fifty Thousand Dollars** (**$50,000**) for the aggregate of any claims occurring during the term of this bond.
4. The surety shall have the right to terminate its obligation under this bond by filing notice with the Superintendent of Banking at least thirty (30) days prior to the effective date of such termination. Obligations of the surety arising prior to the effective date shall not be affected by the termination.

This bond shall take effect on **March 30, 2021** and shall continue in force until it is terminated or cancelled.

EXECUTED ON this **30th day of March, 2021**

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: IA-09/10/2016

Skip Navigation

## Great Midwest Insurance Company (NAIC 18694)

### Pending Rider Effective 11/29/2021

**Rider Status:** Pending Principal Signature

**Broker of Record:** Gerald J. Wilkoff, Inc. (NPN 3687487)

**Surety Signatory:** Angela Carl Andriukaitis

**Date Signed by Surety:** 12/2/2021

**Licensee Signatory:**

**Date Signed by Licensee:**

**Changes made on Rider:**

| Bond Field | Previous Value | New Value |
|---|---|---|
| Bond Amount | $50,000 | $300,000 |

### Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)

**DBA:** Not Applicable

**License Type:** Iowa Money Services License

**Bond Number:** GM209953

**Bond Amount:** $50,000

**nd Effective Date:** 3/30/2021

**Bond Status:** Executed

**Converted Bond:** No

**Delivered to Regulator:** Yes

**Cancellable:** Yes

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

**Underwriter:**

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)

**As of:** 5/28/2021

**Original Bond**

**SURETY BOND (IOWA)**

mtbond.doc
September 10, 2016

**Voyager Digital, LLC**
Principal (Licensee)

**Great Midwest Insurance Company**
Surety

**ADMINISTRATOR:** **Iowa Superintendent of Banking**

BOND NUMBER: **GM209953**

THE ABOVE NAMED PRINCIPAL AND SURETY (WHO IS DULY QUALIFIED TO DO BUSINESS IN THE STATE OF IOWA) ARE HEREBY BOUND IN THE PENAL SUM OF **Fifty Thousand Dollars ($50,000)** FOR PAYMENT UNDER THE FOLLOWING TERMS AND CONDITIONS:

1. The above-named principal is licensed or has applied to the Superintendent of Banking for a license to engage in the business of money transmission pursuant to Iowa Code Chapter 533C.
2. If the above named principal faithfully conforms to and abides by the provisions of Iowa Code Chapter 533C and all rules and regulations promulgated thereunder, and shall satisfy any loss or damages suffered by the State of Iowa, purchasers or holders of instruments sold by the licensee, or any person(s) who may have a cause of action against the principal, then this obligation shall be void. Otherwise this bond shall remain in full force and effect. The State of Iowa and any person(s) suffering such loss or damages shall have the right to bring an action on this bond against the principal or surety.
3. This bond shall be one continuing obligation and in no event shall the liability of the surety exceed the penal sum of **Fifty Thousand Dollars ($50,000)** for the aggregate of any claims occurring during the term of this bond.

   The surety shall have the right to terminate its obligation under this bond by filing notice with the Superintendent of Banking at least thirty (30) days prior to the effective date of such termination. Obligations of the surety arising prior to the effective date shall not be affected by the termination.

This bond shall take effect on **March 30, 2021** and shall continue in force until it is terminated or cancelled.

EXECUTED ON this **30th day of March, 2021**

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: IA-09/10/2016

# Voyager Digital, LLC (1730854)

## Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Louisiana Sale of Checks and Money Transmitters
**Bond Number:** GM209955
**Bond Amount:** $25,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 4/1/2023
**Note:** Non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

*No Broker of Record exists.*

## Original Bond

## SALE OF CHECKS/MONEY TRANSMISSION SURETY BOND

Bond No. **GM209955**
Effective Date: **March 30, 2021**

KNOW ALL MEN BY THESE PRESENTS: That we,

**Voyager Digital, LLC**,
(Principal Legal Name and any associated trade names)

**1730854** , as Principal, and
Nationwide Multistate Licensing System (NMLS) ID #

**Great Midwest Insurance Company**,
(Surety's Name)

**18694**, as Surety,
NAIC #

are firmly bound to the Office of Financial Institutions for the use of the state and of any person who may have a cause of action against the principal under "The Sale of Checks and Money Transmission Act", R.S. 6:1031, et seq., in the full sum of **Twenty-Five Thousand Dollars** (**$25,000**) lawful currency of the United States of America, for the payment of which we bind ourselves, our successors and assignees, jointly and severally, renouncing all benefits of division or discussion.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, that, whereas the above-named principle has applied to the Commissioner of Financial Institutions of Louisiana for a license to conduct the sale of checks or money transmission as provided in "The Sale of Checks and Money Transmission Act", R.S. 6:1031, et seq., and shall pay to the State of Louisiana and to any person or persons any and all monies that may be due and owing to the Louisiana Office of Financial Institutions or to such person or persons from the Principal-Licensee.

This obligation may be cancelled by said Surety by giving thirty (30) days' notice of its intention to the Office of Financial Institutions delivered electronically through NMLS and the Surety shall be relieved of any further liability under this bond thirty (30) days after receipt of said notice by the Office of Financial Institutions. No cause of action shall lie against the Surety unless commenced within two years from the date the cause of action accrues against the principal.

Executed on this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: LA-01/23/2017

AMOUNT: $100,000

BOND NO: GM206454

## STATE OF MAINE
## MONEY TRANSMITTER AND MONEY ORDER / TRAVELERS CHECK ISSUER BOND

KNOW ALL PERSONS BY THESE PRESENTS THAT Voyager Digital LLC

of 33 Irving Place, Suite 3060 in the County of New York, State of New York, doing business as ______ as Principal, and

Great Midwest Insurance Company

______, a corporation duly organized and existing under the laws of the State of Texas

, and being duly qualified to transact business in the State of Maine, as Surety, are holden and stand firmly bound unto the Superintendent of the Bureau of Consumer Credit Protection of the State of Maine, for use of any person or persons who may have a cause of action against the Principal of this bond under the provisions of the act under which this bond is given, in the just sum of one hundred thousand dollars ($100,000), to be paid to the said person or persons as aforesaid, to which payment well and truly to be made, we hereby jointly and severally bind ourselves, our respective heirs, executors, administrators, successors or assigns, firmly by this presents.

The Condition of this Obligation is such that whereas, the above bounden Principal has applied to the said Superintendent of the State of Maine for registration as a money transmitter or as an issuer of money orders or travelers checks, under the provisions of Title 32 M.R.S.A. §6101 et seq., and is required by the provisions of that law to furnish a bond conditioned as herein set forth.

This bond shall continue in full force and effect and shall run concurrently with the entire current license period, for any renewals thereof, and for five (5) years after the licensee ceases doing business in the State, pursuant to 32 M.R.S.A. §6107(4). Notwithstanding this provision, the Superintendent of the Bureau of Consumer Credit Protection may permit the bond to be reduced or eliminated prior to that time to the extent that the amount of the Principal's instruments outstanding in this state is reduced.

The Surety may be relieved of subsequent liability hereunder by giving 30 days written notice by certified mail to the Principal and to the Superintendent of the Bureau of Consumer Credit Protection of the State of Maine.

Now, therefore, if the said above named Principal shall faithfully perform the duties and obligations pertaining to the transmission of money, or the sale of money orders or travelers checks, pursuant to 32 M.R.S.A. §6101 et seq., to be conducted in accordance with the tenure of the license of said business issued by the Superintendent of the Bureau of Consumer Credit Protection of the State of Maine under the authority of, and as provided in Title 32 M.R.S.A. §6101 et seq., and shall conform and abide by each and every applicable provision of 32 M.R.S.A. §6101 et seq., and to all rules and regulations lawfully made by the Superintendent hereunder and shall pay to the State and to any such persons any and all monies that may become due or owing to the State or to such persons from said Principal, under and by virtue of the provisions of 32 M.R.S.A. §6101 et seq., then this obligation shall become void; otherwise it shall be and remain in full force and effect.

The bond shall cover payment of all liabilities present on the effective date of the bond which were incurred by the Principal as a transmitter of money or as issuer of money orders or travelers checks pursuant to 32 M.R.S.A. §6101 et seq., or incurred by the Principal from the effective date of this bond until this bond is non-renewed, or the license issued pursuant to 32 M.R.S.A. §6101 et seq., is terminated by the Superintendent of the Bureau of Consumer Credit Protection.

IN WITNESS WHEREOF we have hereunto set our hands and seals,

This 24th of March A.D. 2021

Put Seal Here

Voyager Digital LLC
Principal

This must be acknowledged before a Notary Public.

By: ______

______
Capacity

By: Great Midwest Insurance Company
Surety

This must be acknowledged before a Notary Public.

By: [signature]
Shari Livingston
Attorney-In-Fact
Capacity

Approved this ______ day of ______ A.D. 20______

______
Superintendent, Bureau of Consumer Credit Protection

REV: 09/12/2012

## ACKNOWLEDGMENT BY PRINCIPAL

**INDIVIDUAL**

STATE OF

County of ____________________ ss ______________

On this ____________________ day of ____________________, before me, __________, a notary public in and for the County and State aforesaid, residing therein, duly commissioned and sworn, personally appeared ____________________ known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

(Seal)

____________________
Notary Public

**PARTNERSHIP**

STATE OF

County of ____________________ ss. ______________

On this ____________________ day of ____________________, before me, ______________, a notary public in and for the County and State aforesaid, residing therein, duly commissioned and sworn, personally appeared ____________________ known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

(Seal)

____________________
Notary Public

**CORPORATION**

STATE OF

County of ____________________ ss. ______________

On this ____________________ day of ____________________ before me, ______________, a notary public in and for the County and State aforesaid, residing therein, duly commissioned and sworn, personally appeared ____________________ known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

(Seal)

____________________
Notary Public

## ACKNOWLEDGMENT BY SURETY

STATE OF Florida

County of Lake ss. ______________

On this 24th day of March 2021, before me, Mariah Lester, a notary public in and for the County and State aforesaid, residing therein, duly commissioned and sworn, personally appeared Shari Livingston known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year in this certificate first above written.

(Seal)

NOTARY PUBLIC STATE OF FLORIDA
MARIAH B LESTER
Commission # GG 115694
Expires June 18, 2021
Bonded Thru Budget Notary Services

Mariah B. Lester
Notary Public

REV: 09/12/2012

**POWER OF ATTORNEY**

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Heather Bradley, Christopher Brown, Christopher Dobbs, Donna E. Dow, Eric Dubuque, Christopher R. Gagnon, Nathan W. Geer, Michael W. Harjula, Shari Livingston, Daniel B. McNally, Matthew Morrison, Kim Richards, Matthew J. Semeraro, Shanalee E. Steele

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

GREAT MIDWEST INSURANCE COMPANY — TEXAS CORPORATION — CORPORATE SEAL

**GREAT MIDWEST INSURANCE COMPANY**

BY Mark W. Haushill

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 24th Day of March, 20 21.

GREAT MIDWEST INSURANCE COMPANY — TEXAS CORPORATION — CORPORATE SEAL

BY

Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

# Voyager Digital, LLC (1730854)

### Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Maryland Money Transmitter License
**Bond Number:** GM209956
**Bond Amount:** $150,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 3/29/2023
**Note:** Non-renew request

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 5/28/2021

# Original Bond

## MARYLAND MONEY TRANSMITTER LICENSEE SURETY BOND

**BOND NO. GM209956**
**Bond Amount: $150,000**
**Effective Date: March 30, 2021**

**KNOW ALL PEOPLE BY THESE PRESENTS** that **Voyager Digital, LLC**, including any and all trade names, NMLS # **1730854** ("Principal") and **Great Midwest Insurance Company**, NAIC # **18694** ("Surety") who is authorized to do surety business in the State of Maryland ("State") are held and firmly bound unto the Commissioner of Financial Regulation ("Commissioner"), for the benefit of the State, and any individual who has been damaged by a violation of State law or regulation governing the business of money transmission, as amended, by the Principal or its authorized delegate, in the penal sum of **$150,000**, for the payment of which, well and truly be made, we bind ourselves, our heirs, personal representatives, administrators, successors and assigns, jointly and severally, firmly by these presents.

The condition of this obligation is such that the above bounded Principal is now or is about to become licensed by the Commissioner to engage in the business of money transmission, as provided by the laws of the State, as amended.

Now, therefore, if the Principal and its authorized delegate(s) shall, while this bond is in force and effect comply with all provisions of State and federal laws and regulations, as amended, governing the business of money transmission and shall fulfill all obligations to all parties to a money transmission; then this obligation shall be null and void; otherwise to remain in full force and effect.

Provided however, that the liability of the Surety:

1. Shall be continuous until cancelled by the Surety upon giving notice delivered electronically through NMLS to the Principal and to the Commissioner, which cancellation is not effective until 90-days after the Commissioner receives the notice;
2. May not be aggregated or cumulative, whether or not the bond is renewed, continued, replaced, or modified;
3. May not be determined by adding together the penal sum of the bond or any part of the penal sum of the bond, in existence at any two or more points in time;
4. Shall be considered to be one continuous obligation, regardless of increases or decreases in the penal sum of the bond;
5. May not be affected by the insolvency or bankruptcy of the Principal or by any misrepresentation, breach of warranty, failure to pay a premium, or other act or omission of the Principal or its authorized delegate; or license suspension;
6. May not require any administrative enforcement action by the Commissioner as a prerequisite to liability; and
7. Shall continue for any violation of law or regulation covered by this bond during the bond coverage period and permit claims to be made within the statute of limitations, three (3) years subsequent to the cancellation of the bond or cessation of the license, for violations that occur only during the coverage period.

This Bond shall become effective on **March 30, 2021**.

In witness whereof, Principal has hereunto set its hand and seal, and Surety has caused these present to be signed by its duly authorized officers and its corporate seal to be hereto affixed this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

**NOTICE TO PRINCIPAL:** If applicable, be sure to upload to the Company Form (MU1) in NMLS the fictitious name registration filed with SDAT if doing business under a fictitious name.

Bond Form Version: MD-08/01/2017

# Voyager Digital, LLC (1730854)

**Bond Details as of 10/18/2021**

| | |
|---|---|
| **Licensee Name:** | Voyager Digital, LLC (1730854) |
| **DBA:** | Not Applicable |
| **License Type:** | Minnesota Money Transmitter License |
| **Bond Number:** | GM211833 |
| **Bond Amount:** | $25,000 |
| **Bond Effective Date:** | 10/18/2021 |
| **Bond Status:** | Cancelled |
| **Converted Bond:** | No |
| **Delivered to Regulator:** | Yes |
| **Cancellable:** | Yes |
| **Cancellation Effective Date:** | 10/17/2023 |
| **Note:** | Per underwriter, non-renew bond. |

**Surety Details**

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

**Broker Of Record**

*No Broker of Record exists.*

## Original Bond

## STATE OF MINNESOTA
## SURETY BOND
## MONEY TRANSMITTER

**Bond Number:** **GM211833**
**Bond Amount:** **$25,000**
**Effective Date:** **October 18, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That **Voyager Digital, LLC**, including any and all trade names, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to engage in the business of insurance in the State of Minnesota, as Surety, are hereby held and firmly bound to the Department of Commerce of the State of Minnesota in the sum of **$25,000**. Principal and Surety hereby bind themselves, their representatives, successors and assigns, jointly and severally. The parties further agree that:

1. The purpose of this obligation, which is required by Minnesota Statutes, Section 53B.08, is to secure the compliance by Principal with terms of Minnesota Statutes, Section 53B.01 to 53B.27, and any other legal obligations arising out of the Principal's conduct as a money transmitter.
2. This bond is for the benefit of the State of Minnesota and all persons suffering damages by reason of Principal's failure to comply with Minnesota Statutes, Section 53B.02 to 53B.27, or other legal obligations arising out of Principal's conduct as a money transmitter.
3. If the Principal shall violate Minnesota Statutes, Section 53B.02 to 53B.27, or other legal obligations arising out of its conduct as a money transmitter, the Commissioner of Commerce, as well as any person damaged as a result of such violation shall have, in addition to all other legal remedies, a right of action on this bond in the name of the injured party for loss sustained by the injured party.
4. This bond shall become effective on **October 18, 2021** and shall remain in effect until the earlier of the expiration of the Principal's license as a money transmitter or cancellation of this bond by the Surety. The Surety may cancel this bond and be released from any further liability hereunder by: (i) providing written notice of such cancellation to the Principal and Commissioner, or (ii) if this bond is issued and maintained in electronic format through the Nationwide Multi-state Licensing System (NMLS), a notice delivered electronically through NMLS to the Principal and the Commissioner. Cancellation shall be effective 30 days after notice of cancellation is sent to the Commissioner. Such cancellation shall not affect liability incurred prior to the effective date of Cancellation.
5. This bond shall be one continuing obligation, and the liability of the Surety for the aggregate of any and all claims which may arise hereunder shall in no event exceed the amount of the penalty hereof, regardless of the number of years the bond is in force or the number of claims made against this bond.
6. The Surety must notify the Commissioner of Commerce prior to making payment of any claim on this bond. Notice shall be provided to the following address: Minnesota Department of Commerce, Financial Institutions Division, 85 7th Place East, Suite 500, Saint Paul, Minnesota 55101.

In Witness Whereof, the said Principal has hereto set his hand and seal and the said Surety has caused the obligation to be duly executed by its duly authorized agent to be hereunto affixed on this **19th day of October, 2021**.

By: **Mark A Egert**
Principal

By: **Angela Carl Andriukaitis**
Surety

## STATE OF MINNESOTA
## MONEY TRANSMITTER

## SURETY BOND INSTRUCTIONS

Minnesota Statutes Chapter 53B.08 requires a money transmitter to file and maintain a surety bond in a sum of at least $25,000. If a licensee engages in money transmission business at more than three locations, but less than seven locations, through authorized delegates or otherwise, the bond must be increased to $50,000. If the licensee engages in money transmission business at more than six locations, through authorized delegates or otherwise, then the bond must be increased by $50,000 for each location over six, up to a maximum of $250,000.

Bond Form Version: MN-01/23/2017

# SURETY BOND

Bond No. GM209958

## Mississippi Money Transmitters Act
### Section 75-15-1 *et seq.*, Miss. Code Ann.

**KNOW ALL MEN BY THESE PRESENTS,** That

**Voyager Digital, LLC**

(Name of Applicant)

**33 Irving Place, Suite 3060**

(Business Address of Applicant)

of the City of **New York**, County of **New York**,

and State of **New York**, as **PRINCIPAL,** and **Great Midwest Insurance Company**

(Name of Surety)

of the city of **Wakefield**, County of **Middlesex**, and State of **Massachusetts**, as **SURETY,** are held and firmly bound unto the State of Mississippi for the use and benefit of any person or persons who may have a cause of action against the Principal for failure to pay any check, draft, money order, personal money order, or other instrument for the transmission or payment of money which the Principal shall have issued in the State of Mississippi under and by virtue of the provisions of the Money Transmitters Act, Section 75-15-1 *et seq.*, Miss. Code Ann., hereinafter referred to as the "Law," in the principal sum of **Twenty Five Thousand**---------------------------------- Dollars (**$25,000.00**), for the payment of which, well and truly to be made and done; we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

**WHEREAS,** aforesaid Principal has applied for a license under the provisions of the aforesaid Law; and,

**WHEREAS,** the aforesaid Law provides, and includes as a precedent to the issuance of a license, that applicant shall furnish a bond.

**NOW, THEREFORE,** the condition of the foregoing obligation is such that if the Principal will comply with and abide by the provisions of the aforesaid Law and the Rules and Regulations of the Commissioner of the Department of Banking and Consumer Finance of the State of Mississippi, lawfully promulgated under said Law and that if Principal will pay to the State, to said Commissioner, or to any other person under the provisions of this Act or of any check, draft, money order, personal money order, or other instrument for the transmission or payment of money issued by the Principal within this State, then this obligation will be void; otherwise it will remain in full force and effect.

Claimants against the Principal or his agents may themselves bring suit directly on this bond, or the Attorney General of the State of Mississippi may bring suit thereon in behalf of such claimants, either in one (1) action or successive actions.

If any person shall be aggrieved by the misconduct of any Principal, he may upon recovering judgment against such licensee, issue execution under such judgment and maintain any action upon the bond of the Principal in any court having jurisdiction of the amount claimed provided the Commissioner, Department of Banking and Consumer Finance, assents thereto.

This bond shall continue in full force and effect indefinitely, subject, however, to cancellation. Pursuant to Section 75-15-11 (b), Mississippi Code of 1972, as amended, if the Surety herein shall so elect, this bond may be cancelled at any time by the said Surety by filing with the Commissioner, Department of Banking and Consumer Finance, a sixty-day (60) written notice of such cancellation, but said Surety so filing said notice shall not be discharged from any liability already accrued under this bond or which shall accrue herein before the expiration of said sixty-day (60) period. Surety shall remain liable for all checks, drafts, money orders, personal money orders, or other instruments for the transmission or payment of money, issued during the term of this bond and prior to the expiration of said sixty-day (60) period.

Pursuant to Section 75-15-11(b) Miss. Code Ann., the aggregate liability of the Surety in no event shall exceed the principal sum of the bond.

**IN WITNESS WHEREOF,** the Principal and Surety have duly executed the foregoing obligation this **30th** day of **March**, **2021**.

**PRINCIPAL:** **Voyager Digital, LLC**

By: ______________________

**STATE OF** ______________________
**COUNTY OF** ______________________

Before me, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the County of ______________________, State of ______________________, on this **30th** day of **March**, **2021**, personally appeared ______________________ well known to me to be the person who executed the above and foregoing bond as **PRINCIPAL,** thereon, on the date said instrument bears, and for the purpose and consideration therein expressed.

**IN WITNESS WHEREOF,** I have hereunto affixed my hand and seal on the day and date first above written.

______________________, Notary Public

(Notary Seal)

My Commission Expires ______________________

---

**SURETY:** **Great Midwest Insurance Company**

By: [signature]
**Diane P. Alesci** Attorney in Fact

**STATE OF** **Florida**
**COUNTY OF** **Pasco**

Before me, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the County of **Pasco**, State of **Florida**, on this **30** day of **March**, **2021**, personally appeared **Diane P. Alesci** well known to me to be the person who executed the above and foregoing bond as **SURETY** thereon, on the date said instrument bears, and for the purpose and consideration therein expressed.

**IN WITNESS WHEREOF,** I have hereunto affixed my hand and seal on the day and date first above written.

[signature], Notary Public

(Notary Seal)

My Commission Expires 11/18/2022

Notary Public State of Florida
Paris Tsirnikas
My Commission GG 277383
Expires 11/18/2022

# POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]
Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY [signature]
Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 30 Day of March, 2021.

GREAT MIDWEST INSURANCE COMPANY CORPORATE SEAL TEXAS CORPORATION

BY [signature]
Leslie K. Shaunty
Secretary

**WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

**Great Midwest Insurance Company**
**Statutory Balance Sheet**
**as of December 31, 2019**
**(in thousands)**

| Assets | | Liabiities, Capital and Surplus | |
|---|---|---|---|
| **Cash and Invested Assets:** | | **Liabilities:** | |
| Cash and Short-term Investments | $ 48,772 | Loss and Loss Expense Reserves | $ 64,093 |
| Bonds | 75,068 | Unearned Premium | 8,959 |
| Common Stocks | 26,524 | Ceded Reinsurance Premium | 1,549 |
| Mortgage Loans | 8,181 | Other Liabilities | 4,584 |
| Other Invested Assets | 10,672 | | |
| Total Cash and Invested Assets | 169,217 | Total Liabilities | 79,185 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 6,068 | Common Stock | 4,550 |
| Reinsurance Recoverable | 9,154 | Gross Paid In & Contributed Capital | 123,893 |
| Tax Assets | 6,005 | Unassigned Funds (Surplus) | 934 |
| Other Assets | 18,118 | | |
| Total Other Assets | 39,345 | Total Capital and Surplus | 129,377 |
| Total Assets | $ 208,562 | Total Liabilities, Capital and Surplus | $ 208,562 |

CERTIFICATION

I, Peter B. Smith, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2019.

Signature [signature]

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 18 day of March, 2020.

STATE OF TEXAS
COUNTY OF HARRIS

On this 18 day of March 2020, before me, Amelia Norman a Notary Public, personally appeared, Peter B. Smith, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Amelia R. Norman
Signature of Notary Public

NOTARY PUBLIC STATE OF TEXAS
AMELIA R NORMAN
My Notary ID # 123989684
Expires September 19, 2021

# Voyager Digital, LLC (1730854)

## Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Nebraska Money Transmitter License
**Bond Number:** GM209959
**Bond Amount:** $100,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 4/1/2023
**Note:** Non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

*No Broker of Record exists.*

## Original Bond

## SURETY BOND

Money Transmitter
Nebraska Department of Banking and Finance

Bond No. **GM209959**
Bond Amount: **$100,000**
Effective Date: **March 30, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That we, **Voyager Digital, LLC** including any and all trade names, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to do surety business in the State of Nebraska, as Surety, are held and firmly bound unto the State of Nebraska for use by the State, for its own benefit and for the benefit of any person dealing with the Principal who may have a cause of action against us as the Obligors of this instrument under the provisions of the Nebraska Money Transmitters Act, Neb. Rev. Stat. Sections 8-2701 to 8-2748 ("the Act") hereafter described in the penal sum of **$100,000**, lawful money of the United States of America, to be paid to the State of Nebraska or other person for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents:

Whereas, the above bounden Principal has applied to the Director of the Nebraska Department of Banking and Finance (the "Director") for one or more licenses to act, or register, as a money transmitter as provided by law under the Act;

THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal and any employee or agent representing the Principal, working at any location, faithfully conform to and abide by each and every provision of the Act and of all rules and regulations and orders lawfully made by the Director, and pay to the State and to any such person or persons having a right of action against the Obligors any and all monies that may become due or owing to the State and to such person or persons from said Obligors under and by virtue of the provisions of the Act, then this obligation to be void; otherwise to remain in full force and effect until the Surety is released from liability by the Director, subject, however, to the following conditions:

1. The Surety may reduce coverage by amending the bond amount, or may cancel this bond thirty (30) days from date of receipt of notice delivered electronically through NMLS to the Principal and the Director, but no such amendment or cancellation shall affect any liability which arises from acts or omissions which occur prior to the termination of such thirty (30) day period.
2. In no event shall the aggregate liability of the Surety for any and all claims exceed the penal sum of this bond stated herein.
3. The Director, or any person suffering loss or damage, has the right to proceed on this bond against the Principal or Surety hereon or both to recover any and all moneys that may become due or owing.

In Witness Whereof, the said Principal has caused this obligation to be duly executed and affixed its seal, if any, and the said Surety has caused this obligation to be duly executed by its duly authorized agent and affixed its seal on this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: NE-02/01/2019

# Voyager Digital, LLC (1730854)

## Bond Details as of 10/18/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** New Hampshire Money Transmitter License
**Bond Number:** GM211831
**Bond Amount:** $100,000
**Bond Effective Date:** 10/18/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 10/17/2023
**Note:** Per underwriter, non-renew bond.

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

*No Broker of Record exists.*

# Original Bond

## SURETY BOND
## MONEY TRANSMITTER

Bond Number: **GM211831**
Bond Amount: **$100,000**
Effective Date: **October 18, 2021**

KNOW ALL MEN BY THESE PRESENTS, that we **Voyager Digital, LLC**, NMLS # **1730854**, AS PRINCIPAL, AND **Great Midwest Insurance Company**, NAIC # **18694**,

a corporation or other legally formed entity authorized to do business in the State of New Hampshire, AS SURETY, and hereby held and firmly bound unto the Bank Commissioner of the State of New Hampshire for the use and benefit of the State of New Hampshire and the citizens and residents thereof, conditions of this obligation, in the sum of **One Hundred Thousand Dollars**, lawful money of the United States, for the payment of which sum, well and truly made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents.

THE CONDITIONS OF THE ABOVE OBLIGATION ARE SUCH THAT:

WHEREAS, the above mentioned Principal has applied for a license as a money transmitter under the provisions of New Hampshire Revised Statutes Annotated 399-G from and after the date hereof for the license period and continuous during the licensing period, including renewal periods, or until cancelled, and required to faithfully comply with any and all provisions of NH RSA 399-G, as now or hereafter amended, and any and all rules, regulations and orders issued or hereafter to be issued by the Bank Commissioner of the State of New Hampshire; and

WHEREAS, this bond provides for suit thereon by any person who has a cause of action under RSA 399-G and, if the Bank Commissioner by rule or order requires, by any person who has a cause of action not arising under the chapter. This bond provides that no suit may be maintained to enforce any liability on the bond unless brought within 6 years after the transaction or other act upon which it is based.

NOW, THEREFORE, this bond shall remain in full force and remain in effect during the period of license of the Principal or until cancelled. Should the Surety wish to effect cancellation, 30 days notice must be given to the Bank Commissioner. Such notice shall be in writing and the 30 day period shall commence from the date the notice is received by the Bank Commissioner. The suspension or revocation of the license of the Principal shall not cancel, suspend nor otherwise impair any obligation of the Surety under this bond.

IN WITNESS WHEREOF, said Principal, acting by and through its duly authorized officers, has hereunto set its hand and seal and the said Surety has caused these presents to be signed by its duly authorized officers and its corporate seal to be hereto affixed this **21st day of October, 2021**.

By: **Mark A Egert**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: NH-10/01/2020

# Uniform Money Services Businesses
## Surety Bond
## New Mexico Regulation & Licensing Department
## Financial Institutions Division

| | | |
|---|---|---|
| **Name of Principal**<br>Voyager Digital LLC | | |
| **Address**<br>33 Irving Place, Suite 3060 | **City, State, Zip**<br>New York, NY 10003 | **County**<br>New York |
| **Name of Surety**<br>Great Midwest Insurance Company | | |
| **Address**<br>401 Edgewater Place, Suite 125/130,Wakefield, MA 01880 | | |
| **State in which Surety is Organized** | | |
| **Surety Bond Amount**<br>300,000.00 | **Effective Date**<br>October 18, 2021 | |
| **Surety Bond Number**<br>GM211834 | | |

MAKE IT KNOWN THAT, the Principal and Surety named above, who are authorized to engage in business in the State of New Mexico are indebted to the STATE OF NEW MEXICO in the form of a surety bond in the amount indicated above, for the payment of which, well and truly to be made, to the people of New Mexico pursuant to the Uniform Money Services Act, Section 58-32-203 NMSA, 1978.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT:

WHEREAS, the above named Principal has applied or intends to apply for a license as a Money Transmission company pursuant to the Uniform Money Services Act, specifically under Section 58-32-202 NMSA of the New Mexico Statutes, and is required under the provisions of Section 58-32-203 NMSA 1978 to provide a bond conditioned as herein set forth:

NOW THEREFORE, the Principal, the Principal's agents and employees shall:

1) Obtain and maintain a Money Transmission license, from the Director to act as a Money Transmission company as required by the Uniform Money Services Act (the Act).
2) Faithfully conform to and abide by the provisions of the Act.
3) Honestly and faithfully apply all funds received and perform all obligations required by the Act.
4) Pay to the State or to any person entitled thereto, all money that becomes due and owing to the State or to the person under the provisions of the Act and created by activities regulated pursuant to the Act by the Principal or the Principal's agent or employee.

THIS BOND shall remain in force until canceled by the Surety. The Surety may cancel the Bond only upon written notice by certified mail to the Principal and to the Director, in which case the Bond shall be deemed canceled upon the expiration of thirty (30) days from receipt by the Director of such written notice along with adequate proof of notice to the Principal. Cancellation shall not affect any liability incurred or accrued prior to the expiration of the thirty-day period and a claimant has six (6) years within which to file a claim against the Bond.

ANY PERSON suffering loss or damages as a result of the Principal's failure to comply with its obligations under the Act, as described above, shall have the right to bring an action on this Bond.

AGGREGATE LIABILITY: Regardless of the number of claimants, the amount of the claims, or the number of years the bond remains in effect, the aggregate liability of the Surety on this bond shall be limited to the payment of the Surety Bond Amount as set forth above.

NOTICE: In the event that either the Principal and/or the Surety under this bond are served with notice of any action commenced or notice of intent to file an action or claim against said Principal or Surety under the bond, said Principal and Surety shall, respectively, and within ten (10) business days, give written notice of the filing of such action or of the intent to file an action or claim, as well as give written notice within ten (10) business days of the final disposition of such action or claim to, the following address:

Regulation and Licensing Department
Financial Institutions Division
2550 Cerrillos Rd., Third Floor / P.O. Box 25101
Santa Fe, New Mexico 87505

MODIFICATION: The Principal and the Surety agree that they shall not amend, modify or vary any term of this bond without prior written consent of the Director of Financial Institutions Division of the State of New Mexico.

WARRANTIES: The Surety hereby represents and warrants that it is in full compliance with the provisions of the laws of the State of New Mexico.

NOTE:

1) If Principal is a corporation or limited liability company, a resolution of Board of Directors, or Managers of the Principal authorizing execution of the bond must be attached. (SAMPLE RESOLUTION ATTACHED.)
2) Valid power of attorney from the Surety must be attached.
3) When required to do so by the Director of the Financial Institutions Division of the State of New Mexico, the Principal must furnish the name and address of its resident agent that shall accept service of process on behalf of the Principal.

IN WITNESS WHEREOF, we have hereunto set our hands and seals as of the day and year first herein above written.

| Name of Principal<br>Voyager Digital LLC | |
|---|---|
| Signature | Title |

| Surety Name<br>Great Midwest Insurance Company | | Attorney in Fact<br>Eric Dubuque | |
|---|---|---|---|
| Address<br>401 Edgewater Place, Suite 125/130 | City<br>Wakfield | State<br>MA | Zip Code<br>01880 |
| Signature [signature] | | | |

# RESOLUTION

| Name | Title |
|---|---|
| Principal Name | State in Which Principal is Incorporated or Organized |
| Bond Amount<br>$300,000.00 | |

RESOLVED, that the individual named above is hereby authorized and directed to deliver to the State of New Mexico for and on behalf of the corporation or limited liability company, a surety bond in the amount provided for above.

☐ IF BY CORPORATION USE THIS FORM

As secretary of the corporation, incorporated under the laws of the state named above, I hereby certify that the foregoing is a full, true and correct copy of a resolution of the board of directors of the corporation as required by law and the bylaws of the corporation.

IN WITNESS WHEREOF, I have set my hand as such secretary, and affixed the seal of the corporation (if any), as signed and dated below.

| Secretary Signature | Date |
|---|---|

☐ IF BY LIMITED LIABILITY COMPANY USE THIS FORM

As a member or manager of the limited liability company, organized under the laws of the state named above, I hereby certify that the foregoing is a full, true and correct copy of a resolution of the members or managers of the limited liability company duly and regularly adopted by the limited liability company as required by law and the articles of organization of the limited liability company.

IN WITNESS WHEROF, I have set my hand as such member or manager, and affixed the seal of the limited liability company (if any), as signed and dated below.

| Member or Manager | Date |
|---|---|

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Eric Dubuque

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY Mark W. Haushill
Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2026
Notary ID 131090488

BY
Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 18th Day of October, 2021.

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY
Leslie K. Shaunty
Secretary

**"WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

# BOND
# NEW YORK INSTRUMENTS

Any changes, additions, or deletions from this form must be clearly marked on a copy of the Bond.

Dated: November 2, 2021

Between Principal Voyager Digital NY LLC
Surety Great Midwest Insurance Company

Bond No. GM211837

KNOW ALL MEN BY THESE PRESENTS that Voyager Digital NY LLC, located at 33 Irving Place, Suite 3060, New York, New York 10003 as Principal and Great Midwest Insurance Company located at 401 Edgewater Place, Suite 125/130 Wakefield, MA 01880 as Surety, are firmly bound unto the benefit of the Superintendent of Financial Services of the State of New York or of any person or persons who may have a cause of action against the Principal for failure to carry out the terms of any New York instrument which the Principal shall have issued or sold under and by virtue of the provisions of Article 13-B of the Banking Law of the State of New York, in the principal sum of **$500,000**. For the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

WHEREAS, the Principal has applied for a license as a transmitter of money under the provisions of Article 13-B of the Banking Law of the State of New York; and,

WHEREAS, the aforesaid statute provides, and includes as a precedent to the issuance of a license, that applicant shall furnish a bond.

NOW, THEREFORE, upon receiving a license to transmit money pursuant to Banking Law Section 641, the Principal promises to comply with and abide by the provisions of the aforesaid statute and the rules and regulations of the Department and will honestly and faithfully perform all obligations and undertakings in connection with the issuance, sale and payment of any New York Instruments issued or sold by the Principal pursuant to the aforesaid statute and will pay to the Superintendent of Financial Services and to any person(s) all money that becomes due and owing to the Superintendent or to such person(s) under the aforesaid statute, because of any New York Instrument issued or sold by the Principal as licensee under and by virtue of the provisions of the aforesaid statute, provided that nothing in this paragraph shall affect the obligations of the surety as set forth hereinafter.

The proceeds of this bond shall constitute a trust fund for the exclusive benefit of the purchasers and holders of the licensee's New York Instruments. In the event of the insolvency or bankruptcy of the licensee, the proceeds of this bond shall be paid to the Superintendent of Financial Services forthwith for disposition in accordance with the applicable provisions of the Banking Law; provided however, that if any New York Instruments have been assigned to the Fund, the proceeds of the bond shall constitute a trust fund for the benefit of, and shall be payable to, the Fund to the extent of such assignment. As used herein, the terms "New York instruments," "Fund," "purchasers," and "holders" shall have the meanings ascribed to them in Section 653 of the Banking Law.

The Surety named herein fully agrees that within ten days after it pays any claim or judgment to any such purchaser or holder of a New York Instrument, it shall give notice of such payment to the Superintendent by registered mail, with details sufficient to identify the purchaser or holder and the claim or judgment so paid.

In the event that a judgment recovered against the licensee or its legal representative or successor by any purchaser or holder of a New York instrument on a claim arising or a transaction entered into during the life of this bond shall remain unsatisfied after thirty days from the service of notice of entry of Judgment upon the licensee or upon its legal representative or successor or upon the attorney for the licensee, of any claim arising or a transaction entered into during the life of this bond, an action may be maintained against the surety company named herein under the terms of the bond (1) by any such purchaser or holder for the amount of such judgment, not exceeding the amount of the bond, except during a stay of execution of judgment against the licensee or its legal representative or successors, or (2) by the Superintendent, on behalf of the Fund, for the amount of such claim, not exceeding the amount of the bond.

The liability of the Surety on this bond to the Superintendent and to said purchasers and holders of New York Instruments shall not be affected in any way by any misrepresentation, breach of warranty or failure to pay the premium or by any act or omission upon the part of the licensee nor by the insolvency or bankruptcy of the licensee or the insolvency of the licensee's estate, and in the event of the death or dissolution or liquidation of the licensee, shall continue upon all transactions entered into by the agents of such deceased, dissolved or liquidated licensee within a period of thirty days after the death, dissolution or liquidation of the licensee or termination of the bond, whichever date shall first occur; provided, however, that such transactions were entered into in good faith by such purchasers and holders of New York Instruments.

This bond shall continue in full force and effect indefinitely, unless the Surety elects to cancel it. In that case, the Surety must file with the Superintendent of Financial Services, a written notice of such cancellation by registered or certified mail with return receipt requested. Upon receipt by the Superintendent of Financial Services, the cancellation may become effective not less than 10 days after such receipt. The filing of such notice shall not discharge the surety from any liability already accrued under this bond or which shall accrue herein before the expiration of such 10 days or other period. The Surety shall remain liable for all claims upon any New York Instruments issued or sold during the term of this bond and prior to the date of cancellation.

Regardless of the number of years this bond remains in force, the aggregate liability of the Surety for any and all claims or judgments to one or more claimants shall in no event exceed the sum of $500,000.

In Witness Whereof, we have duly executed the foregoing obligation this 2 day of November, 2021.

To be effective on November 2, 2021

Principal Voyager Digital NY LLC
By:
Title CFO

Surety Great Midwest Insurance Compan
By:
Title Diane P. Alesci, Attorney-In-Fact

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

______________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 14th day of November, 2021, before me personally appeared __________

Evan Psaropoulos

to me known and known to me to be one of the firm of Voyager Digital NY LLC described in and who executed the foregoing instrument and ✓ he_____ thereupon acknowledged to me that ✓ he_____ executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

______________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________ ____________________ of the ______________________________________________

the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

______________________________ Notary Public

## ACKNOWLEDGMENT OF SURETY

State of Florida
} ss
County of Pasco

On [illegible] before me personally came Diane P. Aiessi to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of the office under the Standing Resolutions thereof.

Notary Public State of Florida
[illegible]
No. 01AL6182948
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

[illegible] GREAT MIDWEST INSURANCE COMPANY, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

[illegible]

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of GREAT MIDWEST INSURANCE COMPANY on the [illegible] day of October, [illegible] as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond [illegible], which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power, and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY** has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

CORPORATE SEAL
TEXAS CORPORATION

BY ______________________
Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2026
Notary ID 131090488

BY ______________________
Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 2nd Day of November, 2021

CORPORATE SEAL
TEXAS CORPORATION

BY ______________________
Leslie K. Shaunty
Secretary

**WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(In thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term investments | $ [illegible] | Loss and Loss Expense Reserves | $ [illegible] |
| Bonds | [illegible] | Unearned Premium | [illegible] |
| Common Stocks | [illegible] | Ceded Reinsurance Premium | [illegible] |
| Mortgage Loans | [illegible] | Other Liabilities | [illegible] |
| Other Invested Assets | [illegible] | | |
| **Total Cash & Invested Assets** | [illegible] | **Total Liabilities** | [illegible] |
| | | | |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | [illegible] | Common Stock | 4,500 |
| Reinsurance Recoverable | [illegible] | Gross Paid in & Contributed Capital | [illegible] |
| Tax Assets | [illegible] | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | [illegible] | | |
| **Total Other Assets** | [illegible] | **Total Capital and Surplus** | [illegible] |
| | | | |
| **Total Assets** | [illegible] | **Total Liabilities, Capital & Surplus** | [illegible] |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2026
Notary ID 131000486

**BOND**
**NEW YORK VIRTUAL CURRENCY LICENSEE UNDER 23 NYCRR 200**

Any changes, additions, or deletions to this form must be clearly marked on a draft copy of the form for review by DFS.

**Date:** November 11, 2021 **Bond No.:** GM211838

WHEREAS, Part 200 of Chapter 1 of Title 23 of the New York Codes, Rules and Regulations ("23 NYCRR 200") requires a licensee thereunder to maintain a surety bond in United States dollars in such form and amount as is acceptable to the Superintendent of Financial Services of the State of New York ("Superintendent"); and

WHEREAS, the Principal hereunder has applied for a license or is licensed under 23 NYCRR 200;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

1. THAT Voyager Digital NY LLC of 33 Irving Place, Suite 3060 County of New York State of New York, as Principal, and Great Midwest Insurance Company, a surety company, having its principal place of business at 401 Edgewater Place, Suite 125/130 County of Wakefiled State of Massachusetts, and duly authorized to do business in the State of New York, as Surety, are held and firmly bound unto the Superintendent, as Obligee, in the principal sum of $500,000.00, for the exclusive use of the Obligee, for the following event or events (each individually, an "Occurrence") involving or relating to the Principal under 23 NYCRR 200: (i) the reimbursement to the Principal's customers of fees or other charges or amounts determined by the Superintendent in her sole discretion to be improperly charged to or collected from, or to be otherwise owed to, such customers; and (ii) the payment of past due examination costs of and assessments by the New York State Department of Financial Services, unpaid penalty amounts, and other obligations of the Principal under 23 NYCRR 200 or any other applicable law, rule, regulation, order, or agreement, to the Superintendent or to any other person(s), as determined by the Superintendent in her sole discretion; for the payment of which, well and truly to be made, Principal and Surety bind themselves, their heirs, executors, administrators, successors, and assigns, jointly and severally by these presents.

2. Occurrences shall be determined by the Superintendent in her sole discretion and may involve or relate to, without limitation, the activity of the Principal as a licensee under 23 NYCRR 200; the insolvency, liquidation, or bankruptcy of the Principal; and the surrender, expiration, or revocation of the Principal's license under 23 NYCRR 200.

3. The Obligee shall notify the Surety in writing of any Occurrence which may cause the payment of this surety bond within one hundred eighty (180) days of a determination by the Obligee that

said Occurrence has taken place. Payment of this surety bond shall be made by the Surety to the Obligee upon a written demand by the Obligee to the Surety for such payment. Said demand for payment shall be made within one (1) year from the date upon which the Obligee notified the Surety of said Occurrence; provided, however, that in the event an Occurrence results in an administrative hearing to suspend or revoke the Principal's license under 23 NYCRR 200, or in a legal proceeding in a court of law, then the Obligee's demand for payment under this surety bond shall be made no later than one (1) year after either the issuance of the final order resulting from the hearing or the final decision in such court matter. The Surety shall pay to the Obligee the lesser of the amount of this surety bond in full or the actual amount due to the Obligee, as determined by the Obligee in her sole discretion, within forty-five (45) days of receipt of such written demand for payment.

4. This surety bond shall continue in full force and effect indefinitely, subject, however, to cancellation. If the Surety shall so elect, this surety bond may be cancelled by the Surety by filing with the Obligee a written notice of such cancellation by registered or certified mail with return receipt requested, any such cancellation to be effective not less than thirty (30) days after receipt by the Obligee of such notice. The filing of such notice shall not discharge the Surety from any liability already accrued under this surety bond or which shall accrue hereunder before the expiration of such thirty (30) day or other applicable period. The Surety shall remain liable for claims issued during the term of this surety bond and prior to the date of cancellation.

5. Regardless of the number of years this surety bond remains in force, the aggregate liability of the Surety for any and all claims upon this surety bond by the Obligee shall in no event exceed the full penal sum hereof, unless such sum has been replenished to comply with requirements of the Obligee.

In Witness Whereof, we have duly executed the foregoing this 11th day of November, 2021, to be effective on the 11th day of November, 2021.

Voyager Digital NY LLC
Name of Principal

HERE

[signature]
Name of Officer and Title

Great Midwest Insurance Company
Name of Surety Company

By: [signature]
Diane P. Alesci, Attorney-In-Fact
*(If Attorney in Fact, must attach valid Power of Attorney from Surety)*

## Individual Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________

to me known and known to me to be the person described in and who executed the foregoing instrument and ____he_____ thereupon acknowledged to me that ______he_____ executed the same.

______________________________ Notary Public

## Partnership/L.L.C. Acknowledgment

State of New York

County of Rockland

On the 16th day of November, 2021, before me personally appeared Evan Psaropoulos

to me known and known to me to be one of the firm of Voyager Digital NY LLC described in and who executed the foregoing instrument and ✓ he_____ thereupon acknowledged to me that ✓ he_____ executed the same as and for the act and deed of said firm.

ANDRENE SINCLAIR-PENNIX
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/31/2022

Andrene Sinclair-Pennix Notary Public

## Corporate Acknowledgment

State of ____________________

County of ____________________

On the ____________ day of ______________, 20____, before me personally appeared __________

________________________________________________________________

to me known, who being by me duly sworn, did depose and say that _________he_____ is the _________ ____________________ of the ________________________________________ the corporation described in and which executed the foregoing instrument; that ________he_____ knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation; and that ________he_____ signed his/her name thereto by like order.

______________________________ Notary Public

## ACKNOWLEDGEMENT OF SURETY

State of Florida
County of Pasco } ss.

On November 11, 2021 before me personally came Diane P. Alesci to me known, who, being by me duly sworn, did depose and say that he/she is an attorney-in-fact of Great Midwest Insurance Company the corporation described in and which executed the within instrument; that he/she knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that he signed the said instrument and affixed the said seal as Attorney-in-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

Notary Public State of Florida
Paris Tsirnikas
No. 01AL6182545
My Commission GG 277383
Expires 11/18/2022

Notary Public

Form M12 (04/91)

POWER OF ATTORNEY

# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Diane P Alesci, Susan J Kinnear, Matthew C Wilkoff, Shirley P Croker

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.

**GREAT MIDWEST INSURANCE COMPANY**

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY: Mark W. Haushill

Mark W. Haushill
President

**ACKNOWLEDGEMENT**

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY:

Christina Bishop
Notary Public

**CERTIFICATE**

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this 11th Day of November, 2021.

GREAT MIDWEST INSURANCE COMPANY — CORPORATE SEAL — TEXAS CORPORATION

BY:

Leslie K. Shaunty
Secretary

**WARNING: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2020
(in thousands)

| Assets | | Liabilities, Capital and Surplus | |
|---|---|---|---|
| **Cash & Invested Assets:** | | **Liabilities:** | |
| Cash and Short term Investments | $ 46,677 | Loss and Loss Expense Reserves | $ 50,498 |
| Bonds | 82,851 | Unearned Premium | 13,963 |
| Commons Stocks | 26,567 | Ceded Reinsurance Premium | 4,260 |
| Mortgage Loans | 4,950 | Other Liabilities | 3,930 |
| Other Invested Assets | 11,196 | | |
| **Total Cash & Invested Assets** | 172,241 | **Total Liabilities** | 72,651 |
| **Other Assets:** | | **Capital and Surplus:** | |
| Premium Receivables | 5,766 | Common Stock | 4,550 |
| Reinsurance Recoverable | 6,118 | Gross Paid In & Contributed Capital | 156,893 |
| Tax Assets | 3,433 | Unassigned Funds (Surplus) | (17,164) |
| Other Assets | 29,372 | | |
| **Total Other Assets** | 44,689 | **Total Capital and Surplus** | 144,280 |
| **Total Assets** | $216,930 | **Total Liabilites, Capital & Surplus** | $216,930 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2020.

Signature Mark W. Haushill

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 30 day of March, 2021.

STATE OF TEXAS
COUNTY OF HARRIS

On this 30 day of March 2021, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature Christina Bishop
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

# Voyager Digital, LLC (1730854)

## Bond Details as of 6/15/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** North Carolina Money Transmitter License
**Bond Number:** GM209970
**Bond Amount:** $150,000
**Bond Effective Date:** 6/15/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 6/17/2023
**Note:** Non-renew request

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 6/15/2021

# Original Bond

## Bond No. GM209970

## SURETY BOND

## MONEY TRANSMITTERS ACT

THIS SURETY BOND is given by **Voyager Digital, LLC**, NMLS ID # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, as Surety, who is duly licensed to transact a surety business in the State of North Carolina, to the North Carolina Office of the Commissioner of Banks (the "Commissioner") under the following terms and conditions.

Principal and Surety are held and firmly bound unto the Commissioner for the use and benefit of claimants against the Principal in the sum of **One Hundred Fifty Thousand Dollars**, for the payment of which Principal and Surety jointly and severally bind themselves, their successors, assigns, and their legal representatives, to secure the faithful performance of the obligations of the Principal with respect to the receipt, handling, transmission, or payment of money or monetary value in connection with the sale and issuance of payment instruments, stored value obligations, or transmissions of money by the Principal, and any authorized delegate of the Principal, under the North Carolina Money Transmitters Act (the "Act"), N.C. Gen. Stat. § 53-208.41, *et seq*.

WHEREAS, the Principal has applied for a money transmitters license under the Act; and WHEREAS the Act provides, as a condition precedent to the issuance of a money transmitters license, that the Principal shall furnish to the Commissioner a surety bond.

NOW, THEREFORE, the condition of the foregoing obligation is such that:

1. If the Principal, as primary obligor, will faithfully perform all the obligations under the Act with respect to the receipt, handling, transmission, and payment of money or monetary value in connection with the sale and issuance of payment instruments, stored value obligations, or transmissions of money, and will pay to the State of North Carolina, and to any person entitled thereto, all money that becomes due and owing to such State, or to such person, because of any payment instrument, stored value obligation or transmission of money issued or transacted by the Principal, or any authorized delegate of the Principal, under the Act, then this obligation will be void; otherwise the same will remain in full force and effect.
2. The Surety may terminate its obligation under this surety bond by giving the Commissioner ninety days (90) notice by registered mail, or if this bond issued and maintained in electronic format through NMLS, by delivering notification electronically through NMLS but such notice shall not affect any liability arising prior to the cancellation of this surety bond, and the Principal and Surety shall remain liable for claims arising under this bond for a period of five (5) years following its cancellation, unless released in writing, in whole or in part, from such liability by the Commissioner pursuant to N.C. Gen. Stat. § 53-208.47(h).
3. In no event shall the aggregate liability of the Surety for any and all claims to one or more claimants hereunder exceed the penal sum of the surety bond.
4. Pursuant to N.C. Gen. Stat. § 53-208.47(i), the surety bond proceeds shall be deemed by operation of law to be held in trust for the exclusive benefit of the purchasers or holders of the Licensee's payment instruments, stored value obligations, and money transmissions in the event of the bankruptcy of the Licensee.
5. This bond shall run to the State for the benefit of any claimants against the Licensee for the faithful performance of the Licensee's obligations with respect to the receipt, handling, transmission, and payment of money. Claimants against the Licensee may themselves bring suit directly on the bond, or the Commissioner may bring suit on behalf of claimants, either in one action or in successive actions.
6. The Surety shall within five business days of receipt of notice by the Surety of any claim or upon making any payment hereon, notify the Commissioner by registered mail, or if this bond issued and maintained in electronic format through NMLS, by delivering notification electronically through NMLS as available.

This bond shall become effective on **June 15, 2021**, and shall continue in full force and effect until such time as the same is canceled as provided herein or as otherwise provided by law.

IN WITNESS WHEREOF, the Principal and Surety hereto have executed this surety bond this **2nd day of June, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: NC-01/23/2017

# Voyager Digital, LLC (1730854)

**Bond Details as of 3/30/2021**

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** North Dakota Money Transmitter License
**Bond Number:** GM209960
**Bond Amount:** $150,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 5/1/2023
**Note:** Non-renew request

**Surety Details**

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

**Broker Of Record**

*No Broker of Record exists.*

# Original Bond

## SURETY BOND
Money Transmitter

Bond No. **GM209960**
Bond Amount: **$150,000**
Effective Date: **March 30, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That we, **Voyager Digital, LLC** including any and all trade names, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to do surety business in the State of North Dakota, as Surety, are held and firmly bound unto the State of North Dakota for use by the State, for its own benefit and for the benefit of any person or persons who may have a cause of action against us as the Obligors of this instrument under the provisions of North Dakota Century Code Chapter 13-09 hereafter described in the penal sum of **One Hundred Fifty Thousand Dollars**, lawful money of the United States of America, to be paid to the North Dakota Department of Financial Institutions, for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents:

Whereas, the above bounden Principal has applied to the North Dakota Department of Financial Institutions for a Money Transmitter license as provided by law under North Dakota Century Code Chapter 13-09;

THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal and any employee or agent representing the Principal, working at any location, faithfully conform to and abide by each and every provision of the Act and of all rules and regulations and orders lawfully made by the Commissioner, and pay to the State and to any such person or persons having a right of action against the Obligors any and all monies that may become due or owing to the State and to such person or persons from said Obligors under and by virtue of the provisions of the Act, then this obligation to be void; otherwise to remain in full force and effect until the Surety is released from liability by the Commissioner, subject, however, to the following conditions:

1. The Surety may reduce coverage by amending the effective date or the bond amount, or may cancel this bond sixty days from date of receipt of: (i) written notice sent by registered mail to the Principal and the Commissioner, or (ii) if this bond is issued and maintained in electronic format through the Nationwide Multi-state Licensing System (NMLS), a notice delivered electronically through NMLS to the Principal and the Commissioner, but no such amendment or cancellation shall affect any liability which arises from acts or omissions which occur prior to the termination of such sixty-day period.
2. In no event shall the aggregate liability of the Surety for any and all claims exceed the penal sum of this Bond stated herein.
3. The Commissioner or a claimant or authorized representative of a claimant has the right to proceed on this bond against the Principal or Surety hereon or both to recover any and all moneys that may become due or owing.
4. The Surety shall within ten business days of receipt of notice by the Surety of any claim or upon making any payment hereon, notify said Commissioner of same by registered mail or, if this bond is issued and maintained in electronic format through NMLS, by delivering notification electronically through NMLS as available.

In Witness Whereof, The said Principal has hereto set his hand and seal and the said Surety has caused this obligation to be duly executed by its duly authorized agent to be hereunto affixed on this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: ND-01/23/2017

# Voyager Digital, LLC (1730854)

## Bond Details as of 10/12/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Oregon Money Transmitter License
**Bond Number:** GM211827
**Bond Amount:** $25,000
**Bond Effective Date:** 10/12/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 10/11/2023
**Note:** Per underwriter, non-renew bond.

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 10/11/2021

## Original Bond

## OREGON MONEY TRANSMITTERS BOND
## ORS CHAPTER 717

Bond no.: **GM211827**

**BY THIS AGREEMENT, Voyager Digital, LLC**, including all trade names or assumed business names used by (Principal) principal, NMLS ID **1730854**, as Principal (Licensee), and the **Great Midwest Insurance Company**, NAIC (Surety) No. **18694**, a corporation duly authorized to transact a surety business in the State of Oregon, as Surety, are held and firmly bound unto the State of Oregon, for the use of the state and any person who may have a cause of action against the principal, in the full sum of **$25,000** (dollars) for the payment of which we hereby bind ourselves, our heirs, administrators, executors, successor and assigns, jointly and severally, firmly by this agreement (ORS 717).

**THE CONDITIONS OF THIS OBLIGATION ARE SUCH THAT:**
The named principal has applied to the director of the Department of Consumer and Business Services, State of Oregon, for a license to conduct a money transmitter's business as provided in ORS Chapter 717 and is required to furnish a bond to cover the operation of the business during each annual license period.

If the principal shall, during each annual license period, faithfully conform to and abide by the provisions of the Oregon Money Transmitters Act and all rules adopted by the director of the Department of Consumer and Business Services, and will pay to this state and to any person aggrieved by the misconduct of the licensee or of the licensee¿s violation of any law, any and all monies that may become due or owing to the state or to such other person from the principal under and by virtue of the provisions of ORS Chapter 717, then such obligation shall be considered extinguished, otherwise it shall remain in full force and effect.

The bond becomes effective on the **12th day of October, 2021**, and shall remain in force until the Department of Consumer & Business Services, Division of Financial Regulation, releases the surety from liability, or until the surety cancels this bond.

The surety shall have the right to terminate any future liability by giving notice to the principal and the Division of Financial Regulation, of the Department of Consumer and Business Services via the Nationwide Multistate Licensing System. The surety shall be discharged from any future liability for any default of principal and its agents or its subagents occurring after the expiration of 30 days after the provision of the notice.

**IN WITNESS WHEREOF,** the principal and the surety execute this agreement. The surety fully authorizes its representatives in the State of Oregon to enter into this obligation.

SIGNED and dated this **8th day of October, 2021**.

By: **Brandi Bailey Reynolds**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: OR-04/15/2017

# Voyager Digital, LLC (1730854)

**Bond Details as of 3/30/2021**

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Rhode Island Currency Transmitter
**Bond Number:** GM209961
**Bond Amount:** $50,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** No
**Cancellable:** Yes
**Cancellation Effective Date:** 3/1/2023
**Note:** Non-renew request

**Surety Details**

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

**Broker Of Record**

*No Broker of Record exists.*

# Original Bond

## SURETY BOND
## CURRENCY TRANSMITTER

Bond Number: **GM209961**
Bond Amount: **$50,000**
Effective Date: **March 30, 2021**

WHEREAS application has been made to the Director of Business Regulation of the State of Rhode Island and Providence Plantations by:

**Voyager Digital, LLC 1730854**

Hereinafter referred to as "Licensee" or "Principal", to conduct, in the State of Rhode Island the business of currency transmission as provided for by Title 19, Chapters 14 and 14.3 of the General Laws of Rhode Island 1956, as amended.

WHEREAS said Principal is required to execute one bond payable to said State of Rhode Island in the penal sum of Fifty Thousand Dollars ($50,000) plus any additional sum as may be required pursuant to Title 19, Chapter 14-6 from which it shall conduct the business provided for by Title 19, Chapters 14 and 14.3 of the General Laws of Rhode Island 1956, as amended, and file the same with the Director of Business Regulation.

**NOW THEREFORE KNOW ALL MEN BY THESE PRESENTS**

That said Principal known as, **Voyager Digital, LLC** including any and all trade names, NMLS # **1730854** or as any future name by which said organization shall be known as principal, and **Great Midwest Insurance Company**, NAIC # **18694**, are held and firmly bound unto the State of Rhode Island and Providence Plantations, for the use of said State and of any person or persons, who may have a cause of action against said obligor of this bond under the provisions of said chapters, in the penal sum of **$50,000** in the aggregate to be paid unto said State of Rhode Island and Providence Plantations, to which payment well and truly to be made we bind ourselves, our and each of our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

**THE CONDITION OF THIS BOND IS SUCH** that if the above bounden principal and any employee or agent representing the obligor working at any location, shall conform to and abide by each and every provision of said Chapters, the title of which is above set forth, and all amendments thereto and all rules and regulations lawfully made by the Director of Business Regulation hereunder, and shall pay to said State and to any such person or persons any and all monies that may become due or owing to said State and/or to such person or persons from said obligor, under and by virtue of the provisions of said Chapters, then this obligation shall be void, but otherwise shall remain in full force and effect.

This bond shall continue in force and effect unless, as to future acts or omissions of the Obligor, it is terminated or cancelled:

1. By order of the Director; or
2. By the Surety delivering written notice to the Obligor and the Division of Banking thirty (30) days prior to the cancellation date.
3. If this bond is issued and maintained in electronic format through the Nationwide Multi-state Licensing System (NMLS), by a notice delivered electronically through NMLS to the Obligor and the Director, but no such amendment or cancellation shall affect any liability which arises from acts or omissions which occur prior to the termination of such Thirty (30) day period.

Such cancellation shall not affect any liability incurred or accrued hereunder prior to the cancellation of said bond by said Division or termination by Surety, which liability shall continue until the expiration of the applicable statute of limitations for causes of action.

This bond shall take effect on and as of **March 30, 2021** and shall continue in force until it is terminated or cancelled.

**NOTE:** Any bond executed pursuant to the license being requested shall be retained by the Division of Banking, after the surrender or revocation of the applicable license, or the cancellation of said bond, for a period of time sufficient to exhaust the statute of limitations for causes of action related to those activities governed by the license being requested. The bond may, however, be returned to the applicant upon withdrawal or denial of the license application.

**IN WITNESS WHEREOF** we have hereunto set our hands and seals, this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: RI-11/01/2019

## Voyager Digital, LLC (1730854)

### Bond Details as of 3/30/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** South Carolina-AG Money Transmitter License
**Bond Number:** GM209962
**Bond Amount:** $50,000
**Bond Effective Date:** 3/30/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 4/1/2023
**Note:** Non-renew request

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 5/28/2021

## Original Bond

## SURETY BOND

Money Transmitter License

Bond No. **GM209962**
Bond Amount: **$50,000**
Effective Date: **March 30, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That we, **Voyager Digital, LLC**, including any and all trade names, NMLS # **1730854**, as Principal, and, **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to do surety business in the State of South Carolina, as Surety, are held and firmly bound unto the State of South Carolina for use by the State, for its own benefit and for the benefit of any person or persons who may have a cause of action against us as the Obligors of this instrument under the provisions of the South Carolina Anti-Money Laundering Act (the "Act"),South Carolina Code Section 35-11-100 *et seq*, hereafter described in the penal sum of **$50,000**, lawful money of the United States of America, to be paid to the Commissioner, as defined in the Act, for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents:

Whereas, the Principal has applied to the Commissioner for a Money Transmitter License as provided by law under the Act; and whereas the Act provides, as a condition precedent to the issuance of a money transmitter license, that the Principal shall furnish to the Commissioner a surety bond.

THE CONDITION OF THIS OBLIGATION IS SUCH, that if the Principal and any employee or agent representing the Principal, working at any location, faithfully conform to and abide by each and every provision of the Act and of all rules and regulations and orders lawfully made by the Commissioner, and pay to the State and to any such person or persons having a right of action against the Obligors any and all monies that may become due or owing to the State and to such person or persons from said Obligors under and by virtue of the provisions of the Act, then this obligation will be void; otherwise the same will remain in full force and effect until the Surety is released from liability by the Commissioner, subject, however, to the following conditions:

1. The Surety may reduce coverage by amending the effective date or the bond amount, or may cancel this bond thirty (30) days from date of receipt of notice delivered electronically through NMLS to the Principal and the Commissioner, but no such amendment or cancellation shall affect any liability which arises from acts or omissions which occur prior to the termination of such thirty (30) day period. The Principal and Surety shall remain liable for claims arising under this bond for a period of five (5) years following its cancellation, unless released in writing, in whole or in part, from such liability pursuant to SC Code 35-11-215.
2. In no event shall the aggregate liability of the Surety for any and all claims exceed the penal sum of this Bond stated herein.
3. This bond shall run to the State for the benefit of any claimants against the Licensee for the faithful performance of the Licensee's obligations with respect to the receipt, handling, transmission and payment of money. Claimants against the Licensee may themselves bring suit directly on the bond, or the Commissioner may bring suit on behalf of claimants, either in one action or in successive actions.
4. The Surety shall within five (5) business days of receipt of notice by the Surety of any claim or upon making any payment hereon, notify the Commissioner by certified mail.

In Witness Whereof, the parties hereto have hereunto set our hands and seals on this **30th day of March, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: SC-AG-05/14/2018

# Voyager Digital, LLC (1730854)

### Bond Details as of 6/15/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** South Dakota Money Transmitter License
**Bond Number:** GM209972
**Bond Amount:** $100,000
**Bond Effective Date:** 6/15/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 6/14/2023
**Note:** Non-renew request

### Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

### Broker Of Record

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 6/15/2021

## Original Bond

# SURETY BOND
## (SOUTH DAKOTA)
## MONEY TRANSMITTER

ADMINSTRATOR: Division of Banking, State of South Dakota
1601 N. Harrison Avenue, Suite 1, Pierre, SD 57501

Bond No.: **GM209972**
Bond Amount: **$100,000**
Effective Date: **June 15, 2021**

KNOW ALL PERSONS BY THESE PRESENTS:

That we, **Voyager Digital, LLC** including any and all trade names, NMLS # **1730854**, as Principal, and **Great Midwest Insurance Company**, NAIC # **18694**, duly licensed to do surety business in the State of South Dakota, are held and firmly bound unto the State of South Dakota for use by the State, for its own benefit and for the benefit of any person or persons who may have a cause of action against us as the Obligors of this instrument under the provisions of SDCL Chapter 51A-17 (the Act) hereafter described in the penal sum of **$100,000**, lawful money of the United States of America, to be paid to the State of South Dakota or other person for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents:

WHEREAS, the above bounden Principal has applied to the South Dakota Division of Banking (the Division) for licensure as a Money Transmitter as provided by law under SDCL 51A-17 et. seq.;

NOW, THEREFORE, the condition of the foregoing obligation is such that, if the Licensee will faithfully conform to and abide by the provisions of said Law and will pay to any claimant of the Licensee all moneys that become due and owing to such claimant because of any check, draft, money order, personal money order or other instrument for the transmission or payment of money issued and sold by Licensee or any of his agents in the State of South Dakota, then this obligation will be void; otherwise the same will remain in full force and effect.

The Surety shall within ten days after it pays any claim or judgment to any claimant give notice to the Director of Banking by registered mail of such payment, with details sufficient to identify the claimant and the claim or judgment so paid.

The liability of the Surety on this Bond shall not be affected in any way by any misrepresentation, breach of warranty or failure to pay the premium or by any act or omission upon the part of the Licensee nor by the insolvency or bankruptcy of the Licensee or the insolvency of the Licensee's estate, and in the event of the death of dissolution or liquidation of the Licensee, shall continue for five years as in the case of termination by cancellation upon all transactions entered into by the agents of such deceased, dissolved or liquidated Licensee within a period of thirty days after the death, dissolution or liquidation of the Licensee or termination of the Bond, whichever date shall first occur, provided, however, that such transactions were entered into a good faith by such claimants. In the event that a judgment recovered against the Licensee or its legal representative or successor by any such claimant on a claim arising or a transaction entered into during the life of the Bond shall remain unsatisfied after the expiration of thirty days from the service of notice of entry of judgment upon the Licensee or upon his legal representative or successor or upon the attorney for the Licensee, and upon the Surety, then an action may be maintained against the Surety under the terms of this bond for the amount of such judgment not exceeding the amount of the bond, except during a stay of execution of such judgment against the Licensee or his legal representative or successors. Such claimants may bring suit directly against the Surety, or the Attorney General may bring suit against the Surety on behalf of such claimants in one or more actions.

The Surety may at any time terminate its obligation hereunder by giving notice to the Division of Banking by registered or certified mail with return receipt requested, the cancellation to be effective not less than thirty days after receipt by the Director of Banking of such notice.

The Surety shall not be discharged from any liability already accrued or which shall accrue under the Bond before the expiration of said thirty-day period, and shall remain liable thereon for five years thereafter as provided in SDCL Chapter 51A-17.

This Bond becomes effective as of the date the Director of Banking issues a license to the Licensee and shall

continue until canceled as aforesaid.

The aggregate liability of the Surety hereunder for any and all claims or judgments to one or more claimants shall not exceed the principal amount of this Bond.

IN WITNESS WHEREOF, the said Principal has hereto set his hand and seal and the said Surety has caused this obligation to be duly executed by its duly authorized agent to be hereunto affixed on this **7th day of June, 2021**.

By: **Stephen Jay Ehrlich**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: SD-07/01/2019

# Voyager Digital, LLC (1730854)

## Bond Details as of 10/16/2021

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** Washington Money Transmitter (includes Currency Exchange)
**Bond Number:** GM211826
**Bond Amount:** $360,000
**Bond Effective Date:** 10/16/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 10/15/2023
**Note:** Per underwriter, non-renew bond.

## Surety Details

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

## Broker Of Record

*No Broker of Record exists.*

## Original Bond

**Effective Date: October 16, 2021**

### *SURETY BOND TO OPERATE MONEY SERVICES BUSINESS*

*KNOW ALL PERSONS BY THESE PRESENTS,*

That **Voyager Digital, LLC** with NMLS Unique Identifier of **1730854**, as obligor, and **Great Midwest Insurance Company**, a corporation authorized to transact surety business in the State of Washington, as surety, are held and firmly bound unto the State of Washington in the full penal sum of **Three Hundred Sixty Thousand Dollars** (**$360,000**) lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents.

***THE CONDITIONS*** of the above obligation are such that: Whereas, the above bounden obligor has applied for a license to transact business as provided by law under Chapter 19.230 Revised Code of Washington, known as the "UNIFORM MONEY SERVICES ACT" of the State of Washington (ACT), acts amendatory thereto, and rules adopted thereunder.

***Now, Therefore,*** if the said above bounden obligor, and its owners, officers, employees, authorized delegates, independent contractors, affiliates, and subsidiaries shall, upon the issuance of said license as aforesaid, faithfully conform to and abide by each and every provision of said ACT and all rules and regulations lawfully made by the Director of the Department of Financial Institutions of the State of Washington thereunder, and if the said above bounded obligor will pay to the state and to any person or persons all amounts due and owing under and by virtue of the provisions of said ACT, then this obligation to be void; otherwise the obligation of the above bounded surety to pay said amounts due and owing by the obligor under and by virtue of the provisions of said ACT shall remain in full force and effect.

***Provided,*** That the total liability hereunder arising during the period for which this bond is written shall not exceed the total sum of **Three Hundred Sixty Thousand Dollars** (**$360,000**). This bond is effective until canceled by the surety. This bond may be canceled by giving notice to the Director through NMLS. The cancellation shall be effective 30 days from the receipt of said notice. If the bond is renewed, continued, reinstated, reissued or otherwise extended, it shall nevertheless be considered a continuous obligation and the surety upon the bond shall not be liable in an aggregate or cumulative amount exceeding the penal sum set forth on the face of the bond. In no event shall the penal sum, or any portion thereof, at two or more points in time be added together in determining the surety¿s liability for any or all claims.

***In Witness Whereof,*** The said obligor has hereunto set its electronic signature and the said surety has caused these presents to be electronically signed by its duly authorized officers on this **1st day of October, 2021**. Bond Number **GM211826**

By: **Brandi Bailey Reynolds**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: WA-07/17/2017

# Voyager Digital, LLC (1730854)

**Bond Details as of 10/12/2021**

**Licensee Name:** Voyager Digital, LLC (1730854)
**DBA:** Not Applicable
**License Type:** District of Columbia Money Transmitter License
**Bond Number:** GM211830
**Bond Amount:** $50,000
**Bond Effective Date:** 10/12/2021
**Bond Status:** Cancelled
**Converted Bond:** No
**Delivered to Regulator:** Yes
**Cancellable:** Yes
**Cancellation Effective Date:** 10/11/2023
**Note:** Per underwriter, non-renew bond.

**Surety Details**

**Surety/Underwriting Company:** Great Midwest Insurance Company (NAIC 18694)

**Broker Of Record**

**Surety Bond Producer:** Gerald J. Wilkoff, Inc. (NPN 3687487)
**As of:** 10/14/2021

## Original Bond

## DISTRICT OF COLUMBIA
## Department of Insurance,Securities and Banking
## Banking Bureau

## SURETY BOND
## Money Transmitter License

Bond No.: **GM211830**
Bond Amount: **$50,000**
Effective Date: **October 12, 2021**

Know all men by these present, that we, **Voyager Digital, LLC**, including any and all trade names, NMLS # **1730854** undersigned as PRINCIPAL, and **Great Midwest Insurance Company**, NAIC # **18694**, as SURETY, are held and firmly bound unto the District of Columbia for the use and benefit of the District and of any creditor or claimant against the principal or his agents in the penal sum of **$50,000**, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns jointly and severally be these present.

**WHEREAS**, the above-named principal has applied to the District of Columbia Department of Insurance, Securities and Banking for the license indicated above as provided by applicable provisions of the D.C. Official Code and Municipal Regulations; and is required to file a surety bond to obtain such license in the District of Columbia.

**NOW, THEREFORE**, the conditions, characteristics, and requirements of the foregoing obligation are defined and set forth in the D.C. Official Code and D.C. Municipal Regulations duly promulgated thereunder, and as applied under the District of Columbia Money Transmitter Act of 2000, D.C. Official Code § 26-1001 et seq. and 26-C D.C.M.R. § 2200 et seq.

This obligation is issued under and is governed by the applicable District of Columbia laws and all regulations indicated above; duly promulgated thereunder for the license the principal is seeking, and the obligations of the surety shall be those therein set forth.

This bond becomes effective as of **October 12, 2021** in support of a license issued to the Principal by the District of Columbia Department of Insurance, Securities and Banking and shall remain in full force and effect until cancellation. Regardless of the number of years this bond is in force, the number of premiums paid, the number of renewals of the license, or the number of claims made under this bond, the Surety's aggregate liability under the bond shall not exceed the penal sum of the bond stated above. In accordance with prescribed laws, this bond may not be canceled by either the licensee or the corporate surety except upon notice to the Department of Insurance, Securities and Banking, the cancellation to be effective not less than 30 days after receipt by the Department of Insurance, Securities and Banking of such notice and only with respect to any breach of condition occurring after the effective date of such cancellation.

**WITNESS WHEREOF**, the parties hereto have hereunto set our hands and affixed our seals this **12th day of October, 2021**.

By: **Brandi Bailey Reynolds**
Principal

By: **Angela Carl Andriukaitis**
Surety

Bond Form Version: DC-08/01/2020